THE PEOPLE, for use of Christian County,

*v.*

HENRY DAVIS.

*Filed at Springfield September 27, 1884.*

1. ACTION—*remedy to collect tax by action of debt.* The right to recover a tax upon moneys and credits by an action of debt, depends upon the fact whether a valid tax is delinquent, and not upon the question of the regularity of the steps to enforce its payment through forfeiture and sale of property. The remedy in debt is cumulative, and is only barred by a prior judgment when it is shown to have been satisfied.

2. PLEADING—*of the declaration in suit to collect taxes.* Whether property is taxable at a particular place is a question of law, and not of fact; and the pleader seeking to charge one with liability, upon the ground his property is taxable at a particular place, must, therefore, state the facts from which such liability results, as a conclusion of law. An averment in a declaration that credits are liable to taxation at a certain place, is simply the statement of a legal conclusion.

3. TAXATION—*moneys and credits—as to resident and non-resident owners.* By the statute, moneys, credits, etc., and other personal property held, owned or controlled by persons residing in this State, are taxable. If the owner resides in this State, they are taxable at his place of residence. If he is a non-resident, and the moneys, credits, etc., and other personal property, are under the control of an agent or attorney, they shall be listed in the place where the agent or attorney is required to list his own moneys and credits and other personal property.

4. Before a non-resident owner can be taxed in this State, it must be shown that his property is actually at the place where it is assessed; and it is not enough to show, merely, that an indebtedness to him, evidenced by a promissory note which may be in his hands, was negotiated through an agent residing at that place. In order to the proper taxation of the moneys and credits of a non-resident at a particular place in this State, they must be under the control of an agent or attorney residing there, and such control must be an actual control at that place.

WRIT OF ERROR to the Circuit Court of Christian county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This was an action of debt, for the recovery of delinquent taxes. The declaration contains two counts, which are as follows:

"The People of the State of Illinois, by John B. Jones, their attorney, and John G. Drennan, State's attorney for said county, complain of Henry Davis, the defendant, of a plea of debt,—for that the defendant, on the first day of May, A. D. 1875, and afterward, was the owner of a large amount of personal property, consisting of moneys, moneys loaned and invested, notes, mortgages, bonds and credits,— which said personal property, moneys and credits were controlled by Henry D. Davis, as agent for said defendant; that at said time said Henry D. Davis resided in and had his office and place of business in school district No. 2, in the town of Taylorville, in the county of Christian, State of Illinois; that on, to-wit, the second day of May, A. D. 1875, the assessor of the township of Taylorville, in said county, applied to said Henry D. Davis, and requested him to make a statement of the personal property of said defendant controlled by said Henry D. Davis, as his agent, for the purpose of taxation, as provided by law; that said Henry D. Davis refused to make any list or statement of such personal property, and thereupon the said assessor ascertained the amount and value thereof, and assessed the same at the sum of $142,707; that said sum was the fair amount and value of said property; and that for the year A. D. 1875 a personal property tax was levied against defendant, upon said assessment, to the aggregate amount of $2554.67, being $421.10 State tax due to the State of Illinois, the sum of $332.16 county tax due said Christian county as a county tax, and $63.69 as a county railroad tax, $50.45 town tax due the town of Taylorville, in said county, as a town tax, and $203.79 due said town as town railroad tax, and $1451.90 district school tax, · due school district No. 2, in township 13, north, range 2, west of

the third principal meridian, in said town of Taylorville, and county aforesaid; that said State, county, county railroad, town, town railroad and district school tax were, by the county clerk of said county, duly extended upon the tax collector's book of said town of Taylorville, as the law requires; that said tax collector's book, with the said taxes extended thereon, was duly delivered to the collector of said town for the year A. D. 1875, with a proper warrant thereto attached, as the law requires, commanding said collector to collect from defendant and the several other persons named on said book against whom taxes were levied and specified in the several columns opposite their names; that the said town collector, while he had said collection book in his hands, with said warrant thereto attached, duly demanded from said defendant the said taxes so levied and extended on said collector's book against defendant; that said defendant failed and refused to pay the same; that said town collector used due diligence to collect the said taxes; that no personal property of defendant could at that time be found in said town, nor in said county, out of which said taxes could be made; that said town collector duly returned said taxes to the county collector, at the time he returned the said book, as delinquent, with a written statement, under oath, that he had used due diligence to collect the same, and that no property could be found out of which to make said taxes; that defendant was then, and had been for a long time prior thereto, the owner in fee of the following described land situated in Christian county, Illinois, to-wit: the south-east quarter of section 20, in town 15, north, range 1, west of the third principal meridian; that in order to collect the said tax it became necessary to charge the same upon real property of defendant situated in said county; that the county collector of said county did select the above tract of land as the land of defendant, out of which to make the said taxes, and attached the said personal property tax to said land; that said county collector duly

advertised said land. as delinquent, and advertised that he would apply for a judgment against said land at the June term of said county court, A. D. 1876, and that he would offer said land for sale on the 19th day of June, A. D. 1876, and designated the said tract in said advertisement as the tract against which said personal property tax was charged; that said county collector showed the fact that said personal property tax was charged against said land, in his list of delinquent lands filed for judgment at the June term, A. D. 1876, of said county court, as the law requires; that at said June term, A. D. 1876, of said county court, judgment was duly rendered against said land for said taxes and costs; that on the 19th day of June, 1876, said county collector offered said land for sale at public sale, in pursuance of such notice; that at said sale said collector received no bid for said land, and the said land was then and there forfeited to the State of Illinois; that defendant has never paid the said taxes, nor any part thereof, and plaintiff avers that the said personal property tax so attached to said land was, by the county clerk of said county, carried forward, with the interest thereon provided by law in case of back taxes, and extended on the collector's book in the town of Mosquito, where said land is situated, each year thereafter; that said collector's book, with the taxes so extended thereon, has been duly delivered to the collector of said town of Mosquito each year since the said year 1876, with a proper warrant thereto attached, as required by law; that said defendant was not at any time a resident of said town of Mosquito, and had no personal property in said county during nor since the year 1876 out of which the said taxes could be made; that the said town collector, for each of said years since 1876, returned said taxes to the county collector, uncollected, with a statement in writing, under oath, that he had used due diligence, and that said taxes could not be collected; that the county collector of said county, for each year since 1876, reported said taxes

to the county court of said county as delinquent, and specified the same, as required by law, each year, on the delinquent list filed by him to obtain judgment against said land for said taxes, and that judgment was rendered against said land each year for said taxes by said county court; that said land was, after being duly advertised by the said county collector, offered for sale each year, and each year said land was forfeited to the State for want of bidders; and plaintiff avers that the county clerk of said county extended the said taxes forward, as back taxes, upon the collector's book for said town of Mosquito, for the year A. D. 1879, containing the taxes of 1879, in separate columns, as required by law; that the total amount of said taxes, with the interest thereon, and taxes as provided by law, extended upon said book, was the sum of $3804.50; that said tax book, with said taxes for said year 1879, was duly delivered to the collector of said town of Mosquito, with a proper warrant thereto attached; that said collector returned said tax, uncollected, to the county collector of said county when he returned the said book, with a statement in writing, under oath, that he had used due diligence to collect the said taxes, and that the same could not be collected; that the said county collector duly advertised said land for judgment, on the second Monday of June, A. D. 1880, in said county court, and advertised the same for sale on the 19th day of June, A. D. 1880; that said county collector placed said land on the delinquent list filed by him, as required by law, prior to the said second Monday of June, A. D. 1880, to obtain judgment against said land for said taxes; that judgment was duly rendered against said land by the said county court for the said sum of $3804.50, the amount of said taxes, interest and costs; that said land was by said county collector duly offered for sale, at public sale, on the 19th day of June, A. D. 1880, after due notice having been given, according to law; that at said sale said collector received no bid for said land, or any part thereof, and the

said land was then and there forfeited to the State of Illinois; that defendant has never paid said taxes, nor any part thereof, and the said defendant was then and there requested to pay the said taxes by the town collector of said town of Taylorville, but the said defendant did not nor would not pay the said amount, nor any part thereof, but refused so to do, by means whereof the defendant became liable to pay the plaintiff, on request, the said amount of the said taxes, interest and costs, and being so liable, the defendant, in consideration thereof, then and there agreed to pay said amount to the plaintiff, on request.

"And for that, whereas the defendant heretofore, to-wit, on the first day of May, A. D. 1875, was the owner of a large amount of moneys, credits, goods and chattels, situated and liable to taxation in the town of Taylorville, in the county of Christian, in the State of Illinois, and being so liable to taxation, the assessor of said town of Taylorville for the year 1875, did assess the said goods and chattels, moneys and credits of defendant at the sum of $142,707, and that for the year A. D. 1875 a personal property tax was levied against defendant, upon his said assessment, to the aggregate amount of $2554.67, (specifying the different kinds of taxes, and amounts;) that said taxes were, by the county clerk of said county, duly extended upon the tax collector's book of said town of Taylorville, for the taxes due for the year A. D. 1875, in separate columns, as the law requires; that said collector's book, with warrant attached, was duly delivered to the collector of said town; that said collector then demanded payment from the defendant, of said taxes; that defendant refused to pay same; that said collector used due diligence to collect said taxes; that no personal property of defendant could then, or since then, be found in said town of Taylorville, nor in said county, out of which said taxes could be made; that defendant was then and there the owner in fee of real estate situated in the town of Mosquito, in said county, to-wit: the south-

east quarter of section 20, in town 15, north, range 1, west of the third principal meridian; that said county collector, in order to collect the said taxes, did charge the same against said real estate; that said county collector for the year 1875 returned said personal property tax as delinquent; that defendant has never paid said tax, nor any part thereof; that for the years A. D. 1876, 1877, 1878, 1879 and 1880, respectively, the county clerk of said county did extend the said taxes in separate columns, with interest computed thereon, as back taxes, as required by the statute, against said real estate of defendant, upon the tax book of said town of Mosquito; that judgment was, for each of said last mentioned years, rendered by the county court against said land for said taxes; that for the year 1880 the said tax and interest thereon, so extended, amounted to $3804.50; that defendant refused to pay said taxes, interest and costs, or any part thereof, by means whereof defendant became liable to pay plaintiff, on request, the said amount of taxes, interest and costs, and in consideration thereof then and there agreed to pay the same to plaintiff, on request, yet, though requested, the defendant has not paid to plaintiff the amount of said taxes, interest and costs, or any part thereof, together amounting to $3804.50, but refuses so to do, to the damage of plaintiff of the sum of $3804.50; and therefore they bring suit, etc."

The defendant demurred, generally, to each count of the declaration, and the court sustained the demurrer, and rendered judgment therein for the defendant. This writ of error is prosecuted to reverse that judgment.

Mr. JOHN G. DRENNAN, State's Attorney, and Mr. W. M. PROVINE, for the plaintiffs in error:

The judgment and forfeiture in the county court are not a bar. "Said additions and sales shall be continued from year to year until the taxes on said property are paid, by sale or otherwise." Rev. Stat. sec. 229; *People* v. *Smith,* 94 Ill. 228.

The defendant can not, by paying the tax assessed on the land, avoid its liability to sale or forfeiture for the personal property tax charged against it. *Biggins* v. *People*, 106 Ill. 280.

The judgment in the county court was *in rem* against the land, there being no defence, and is not conclusive against the defendant, and no bar to this suit. *Belleville Nail Co.* v. *People*, 98 Ill. 405; *Gage* v. *Bailey*, 102 id. 14; *Graceland Cemetery Co.* v. *People*, 92 id. 622.

The forfeiture is not a satisfaction of the tax, and hence no bar. Action of debt is a cumulative remedy. *People* v. *Stahl*, 101 Ill. 349.

The forfeiture, even if strictly legal in every particular, would not be a satisfaction of the debt, nor bar the prosecution of this action. *People* v. *Smith*, 94 Ill. 228; *Belleville Nail Co.* v. *People*, 98 id. 405.

The second count avers all necessary facts to establish defendant's liability to pay said personal property tax, and is authorized by section 230, as amended July 1, 1881. This act applies to taxes levied prior, as well as subsequent, to its passage. It is competent for the legislature to change the remedy, if thereby the right is not affected. The purpose of the law is not to release men from their liability to pay taxes, but to render the assessment and collection more just, certain and convenient. *Hosmer* v. *People*, 96 Ill. 61; *Biggins* v. *People*, 106 id. 280.

Mr. ANTHONY THORNTON, for the defendant in error:

The declaration is defective in not making a general reference to the statute, and in not concluding against the form of the same. 1 Chitty's Pleading, (7th Am. ed.) 405. See, also, *Winkleman* v. *People*, 95 Ill. 417.

The first count is radically defective in not averring either that defendant resided at the place of assessment, or that the property was there.

Statutes imposing heavy penalties are to be strictly pursued. *People* v. *Peacock,* 98 Ill. 176; Cooley on Taxation, 317.

This case is not, as supposed by counsel, for the purpose of enforcing a personal liability. It is a proceeding to enforce a forfeiture under special provisions of the statute. It is not an action of debt, arising out of a common law liability to pay taxes, according to earlier decisions of this court. *Ryan* v. *Gallatin County,* 14 Ill. 83; *Dunlap* v. *Gallatin County,* 15 id. 9.

The averments in the declaration would not justify an action of debt at common law. The omission to aver the residence of the defendant and facts which would create a legal liability, forbids such action. Taxes are not debts, in the ordinary sense of that term. They are not contracts between the State and the citizen. Cooley on Taxation, 13.

Back taxes and forfeitures can only be extended in conjunction with the taxes of the current year. *Stampofski* v. *Stanley,* 109 Ill. 210.

In an action under this statute, common certainty requires that the declaration should state the year for which the supposed tax was levied, and should also state the defendant was the owner of the property on the first day of May in that year. *Biggins* v. *People,* 96 Ill. 385.

The fact of ownership at a particular time is an essential averment. It should be positive, and not left to inference. Even when a court of general jurisdiction exercises a special statutory power, it stands upon the same ground as courts of limited jurisdiction. In such case, nothing shall be intended to be within the jurisdiction but that which is expressly averred. *Haywood* v. *Collins,* 60 Ill. 333.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

We see no cause to disturb this judgment. By section 1, chapter 120, of the Revised Statutes of 1874, entitled "Revenue," moneys, credits, etc., and other personal property

held, owned or controlled by persons residing in this State, are taxable. If the owner resides in the State, they are taxable at the residence of the owner. (Ibid. sec. 7.) If the owner is a non-resident, and the moneys, credits, etc., and other personal property, are under the control of an agent or attorney, they shall be listed in the same place where such agent or attorney is required to list his own moneys and credits, and other personal property. (Secs. 6, 19.) But where the owner is a non-resident, before he can be taxed here it must be shown that his property is actually at the place where it is assessed; and it is not enough to show, merely, that an indebtedness to him, evidenced by a promissory note which may be in his hands, was negotiated through an agent at that place. *Goldgart* v. *People ex rel.* 106 Ill. 25.

The primary liability of the defendant, here, rests upon the fact that at the date at which his liability is claimed to commence, he was the owner of moneys, credits or other personal property, and resided there, or such moneys, credits or other personal property were under the control of an agent or attorney residing there; and such control must be an actual control at that place. (*Goldgart* v. *People, supra.*) Whether property is legally taxable at a particular place, is a question of law, and not of fact; and the pleader seeking to charge one with liability because his property is taxable at a particular place, must, therefore, state the facts from which such liability results, as a conclusion of law. This is elementary, and has been often decided by this court.

There is no averment in the first count that the defendant resided at the place where the property was assessed, at the date of the assessment, nor is there any averment therein that the property was, at that date, under the actual control of an agent or attorney at that place. For aught that appears therein, the evidences of indebtedness, and other personal property, may, at that time, actually have been elsewhere. There is no averment in the second count either that the de-

fendant resided at the place where the property was assessed, at the date of the assessment, or that it was, at that time, in the actual control of an agent or attorney at that place. The averment that the property was liable to taxation at that place, is simply the statement of a legal conclusion. The facts from which that conclusion is claimed to result, should have been stated.

To avoid misapprehension hereafter, we may state this is not a suit to recover a forfeiture. The action is to recover a tax due, which has been unavailingly attempted to be collected by forfeiture and sale of property. The right to recover depends upon the fact that a valid tax is delinquent, and not upon the regularity of the steps to enforce its payment through forfeiture and sale. The remedy is cumulative, and is only barred by a prior judgment when it is shown to have been satisfied.

The judgment is affirmed.

*Judgment affirmed.*