## THE PEOPLE *ex rel.* W. R. Patton

*v.*

## AMBROSE SELLARS.

*Opinion filed April 17, 1899.*

1. MANDAMUS—*petitioner must state facts showing clear legal right to writ.* One seeking to compel the performance of an act by *mandamus* should set forth every material fact necessary to show that it is the duty of the respondent to act in the premises.

2. SAME—*averments of conclusions of law do not take the place of averments of fact.* An averment in a petition for *mandamus* to compel the county clerk to extend taxes, arrearages and interest due on personal property omitted by the assessor in previous years, that the property was liable to taxation, is a mere conclusion of law, and not sufficient to show that the clerk was bound to act.

3. SAME—*essentials of petition to compel clerk to extend taxes on omitted property.* A petition for *mandamus* to compel the county clerk to extend taxes, arrearages and interest due upon personal property omitted by the assessor in previous years, should state the amount of such property, its nature and character, and by whom owned.

4. REVENUE—*act of 1898 has changed section 276 of the old Revenue law.* Section 276 of the old Revenue act, (Rev. Stat. 1874, p. 904,) providing that property omitted in assessments for previous years shall, when discovered, be assessed by the local assessor and returned to the county clerk, has been changed by section 35 of the act of 1898, (Laws of 1898, p. 47,) so that such omitted property must be assessed by the board of review.

5. SAME—*Revenue act of 1898 was in force for the year 1898.* The provisions of section 41 of the Revenue act of 1898, (Laws of 1898, p. 50,) contemplate that the act shall be in force on July 1, 1898.

6. SAME—*section 35 of the act of 1898 covers cases arising before the act took effect.* Section 35 of the act of 1898, providing that the board of review shall "assess all property subject to assessment which shall not have been assessed by the assessors," covers cases which arose, in counties having less than 125,000 inhabitants, before the act took effect.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

H. S. CLARK, A. J. FRYER, J. H. MARSHALL, H. P. COFER, S. S. ANDERSON, and H. A. NEAL, for plaintiff in error.

JAMES W. & EDWARD C. CRAIG, (HENLEY & HENLEY, of counsel,) for defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a petition for *mandamus*, brought in the name of the People, on the relation of W. R. Patton, in the Coles circuit court. The petition was as follows:

"The petitioner, W. R. Patton, of said county and State, complaining, shows that he is a citizen and tax-payer residing in said county and State; that George W. Hayes, assessor in and for the town of Mattoon, in said county and State, has discovered personal property in his said township omitted in the assessment for the years 1894, 1895, 1896, 1897 and 1898, upon which omitted property taxes thereon, for which such property was liable, were not paid during said years, and in compliance with law has listed and assessed and placed on assessment and tax books such property so omitted, and has filed same in the office of the county clerk of Coles county, and has filed also in the office of said county clerk an additional return, on which he has listed and assessed property so omitted as aforesaid, the same being under oath, and demand has been made upon Ambrose Sellars, county clerk of said county of Coles, to extend such taxes as required of him by law. Petitioner further represents that the arrearages of taxes which might have been assessed, with ten per cent interest thereon from the time the same ought to have been paid, should be charged against such property by the county clerk, but, although requested so to do, said Ambrose Sellars, county clerk, has refused and neglected, and still refuses and neglects, to charge against such property arrearages of tax which might have been assessed, with ten per cent interest thereon from the time same ought to have been paid, and has absolutely refused and neglected to perform the duty required of him by law with reference to the assessments so returned by said George W. Hayes, assessor in and for

the town of Mattoon, in said county of Coles, by means whereof taxes due on said property are prevented from being collected, and the county of Coles and various municipalities entitled thereto are deprived of the revenue to which they are justly entitled by law."

The petition was signed by W. R. Patton and sworn to before the clerk of the circuit court. It prayed for a writ of *mandamus* directed to the said Ambrose Sellars, commanding him forthwith to charge against such property the arrearages of tax which might have been assessed, with ten per cent interest thereon from the time the same ought to have been paid, etc. To the petition Ambrose Sellars interposed a general and special demurrer, which the court sustained and entered judgment against petitioner for costs. To reverse the judgment so rendered the petitioner has brought the case here by writ of error.

The law is well settled that a writ of *mandamus* will not be issued unless the petitioner shows a clear legal right to the writ. A party cannot be compelled to perform an act by *mandamus* unless it is made to appear affirmatively that it is his clear duty to do so. The party who seeks to compel the performance of an act must set forth every material fact necessary to show that it is the plain duty of such party to act in the premises before the courts will interfere. (*Hall* v. *People*, 57 Ill. 307.) Do the facts set out in the petition show that it was the duty of the county clerk to extend the alleged amounts returned to him by the assessor as an additional assessment on certain property in the town of Mattoon? We think not. No description of the property is given in the petition nor is the name or names of the owners of the property disclosed. The fact that there was personal property in the town of Mattoon which was not assessed does not establish the fact that it was liable to be assessed or that the assessor had the right to make the additional assessment. Under section 2 of the Revenue act a large amount of property is exempt from taxation.

If this property was exempt the assessor had no right to assess it. It devolved upon the petitioner to show, by the petition, facts, so it might be known whether the property was liable to assessment or not. The petitioner says in his petition it was liable, but that was not sufficient. That was a conclusion of law, which was not a proper averment. (*People* v. *Village of Crotty*, 93 Ill. 180; *People* v. *Davis*, 112 id. 272.) Suppose the property consisted of government bonds. The facts set out in the petition might all be true and yet the assessor would have no right to return the property to the county clerk for assessment, nor would it be the duty of the clerk to extend it on the tax books. Suppose the property in question consisted of credits, and the owner thereof had been assessed for credits in the town of Mattoon for the years specified in the petition, (and for aught that appears in the petition such may have been the case.) Under the rule as declared by this court in *Allwood* v. *Cowen*, 111 Ill. 481, the assessor would have no right whatever to make an additional assessment. The necessity, therefore, for a clear statement in the petition, of the amount of the property, its nature and character, and the name or names of the owner, is apparent. In *People* v. *Davis*, 112 Ill. 272, in the discussion of a similar question it is said (p. 281): "Whether property is legally taxable at a particular place is a question of law, and not of fact; and the pleader seeking to charge one with liability because his property is taxable at a particular place must therefore state the facts from which such liability results, as a conclusion of law. This is. elementary, and has been often decided by this court."

There is, however, another objection to the petition of a more serious nature than the one just considered, and that is, whether George W. Hayes, the assessor for the town of Mattoon for the year 1898, had authority, under the statute, to make an additional assessment against the alleged omitted property. The right is claimed under

section 276 of chapter 120 of the Revenue law. (Hurd's Stat. 1897, p. 1362.) The language of that section is as follows: "If any real or personal property shall be omitted in the assessment of any year or number of years, or the tax thereon for which such property was liable from any cause has not been paid, * * * the same, when discovered, shall·be listed and assessed by the assessor and placed on.the assessment and tax books. The arrearages of tax which might .have been assessed, with ten per cent interest thereon from the time the same ought to have been paid, shall be charged against such property by the county clerk."

The legislature, at the extra session of 1898, passed an act entitled "An act for the assessment of property and providing the means therefor, and to repeal a certain act therein named." (Laws of 1898, ·p. 36.) This act was approved by the Governor February 25, 1898, and went into effect as a law on the first day of July, 1898. Upon examination of this act it will be found that material changes were made in the Revenue law which was in force prior to the passage of this act. Section 30 of the act provides: "In counties under township organization of less than 125,000 inhabitants, the clerk of the county court, the chairman of the county board, and some citizen resident of the county, to be appointed by the county judge on or before June 1 each year, shall constitute a board of review to review the assessments made by the county supervisors of assessments." Section 34 provides that the board of review shall meet on or before the second Monday in July in each year for the purpose of reviewing the assessment of property. Section 35 prescribes the duties of this board of review, and is as follows: "The board of review shall, first, assess all property subject to assessment which shall not have been assessed by the assessors. The board of review may make such alterations in the description of real or personal property as it shall deem necessary. Second, on com-

plaint, in writing, of any person or corporation that his or its property has been assessed too high they shall review the assessment and correct the same as shall appear to be just, provided such complaint shall have been made on or before the first Monday of August. The board also, upon its own motion, may increase, reduce or otherwise adjust the assessment of any individual or corporation, and shall have full power over the assessment of any individual or corporation, and shall have full power over the assessment, and may do anything in regard thereto that the assessors might and could originally have done, but no assessment shall be increased until the person or corporation to be affected shall have been notified and given an opportunity to be heard, except as hereinafter provided."

Under section 276 of the old Revenue law, where property has been omitted in an assessment of any year or years, when the omission has been discovered the assessor was authorized to assess such omitted property and make return to the county clerk. But under section 35 of the new law section 276 of the old law is changed and modified, so that the power to assess omitted property is taken from the assessor and conferred upon the board of review. The language, "first, assess all property subject to assessment which shall not have been assessed by the assessors," is plain, and was doubtless intended to cover all cases where property liable to be assessed had for any cause been omitted from the assessment by the local assessor. Section 276 of the Revenue law was not repealed, but it was changed and modified, so that the power of assessing omitted property was taken from the local assessor and conferred upon the board of review. The question of repeal by implication is not involved. Section 55 of the new act provides: "All the provisions of the general Revenue law in force prior to the taking effect of this act shall remain in force and be applicable to the assessment of property and collection of taxes,

except in so far as by this act is otherwise expressly provided." Here was an express provision in regard to the assessment of omitted property incorporated into the new law, and under the provisions of section 55 the old law did not remain in force upon that subject.

It is, however, said in the argument that the act of 1898 was not in force for the year 1898. We do not concur in that view. We think section 41 of the act shows plainly that it was intended that the act should be in force as soon as it took effect as a law,—that is, on July 1, 1898. That section is as follows: "The township supervisors, township assessors and township clerks who have heretofore acted as the town boards of review in their respective townships, and the county boards, shall not hereafter have the power, as such board of review, to assess, equalize, review or revise the assessment of property. The boards of review herein provided for shall meet as soon after the taking effect of this act as shall be practicable, not later than the second Monday of July, and shall thereupon at once enter upon the discharge of their duties."

It is said that the citizen required by section 30 to be appointed by the county judge on or before June 1 of each year, as a member of the board, could not be appointed until after July 1, because the law was not in force until that date. The law was approved on the 25th of February, and went into force on the first day of July, and there was ample time after the law went into effect to make the appointment, as held in *People ex rel.* v. *Board of Commissioners of Cook County,* 176 Ill. 576.

It is also contended in the argument that the board of review created by the act of 1898 was only intended to review such assessments as might be made under that act. We do not think the language used will bear the construction contended for, except in counties of more than 125,000 inhabitants. The language, "the board of review shall, first, assess all property subject to assess-

ment which shall not have been assessed by the assessors," is general, and broad enough to cover cases that may have arisen as well before the act took effect as afterwards.

We concur in the decision of the circuit court holding that the assessor had no power to make the assessment in question, and that judgment will be affirmed.

*Judgment affirmed.*