(No. 22084.—

The People *ex rel.* Mary E. Callahan, Defendant in Error, *vs.* Emmett Whealan *et al.* Plaintiffs in Error.

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

Thomas J. Courtney, State's Attorney, (Hayden N. Bell, Robert S. Cushman, and Jacob Shamberg, of counsel,) for plaintiffs in error.

Lucius, Buehler & Lucius, (Ernest Buehler, and Ralph F. Trenchard, of counsel,) for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

Defendant in error, Mary E. Callahan, (hereinafter referred to as relator,) filed in the circuit court of Cook county a petition for writ of *mandamus* against the president of the board of county commissioners of Cook county, the county comptroller, county treasurer and members of the board of county commissioners, seeking to compel payment to her of certain items of salary which she claims due by reason of her position as adult probation officer in that county. By amendment the county of Cook was made a party defendant and adopted the answer of the other defendants. A hearing was had and judgment was entered directing that the writ issue commanding the president of the county board and the county comptroller to certify a pay-roll for the relator for the first half of September, 1931, in the amount of $105; that they draw a warrant on the county treasurer for that amount and that the county treasurer pay the same. It was also directed that the county board appropriate a sum amounting to the difference between $178.50 per month fixed by the county board as her salary for the period from December 7, 1931, to March 13, 1932, and the sum of $210 per month for that period; that the comptroller certify such amount and draw a warrant for the same and that the treasurer pay such warrant. The writ also commanded the county board to appropriate as relator's salary for the balance of the fiscal year subsequent to March 13, 1932, "at such rate of compensation as said board of commissioners may determine, which shall, however, be at the rate of not less than two thousand four hundred ($2400) dollars per year nor more than two thousand six hundred ($2600) dollars per year." It is likewise directed that the proper officer issue warrants for the payment of such salary to the relator and that the treasurer

pay the same. Plaintiffs in error seek a direct review here on the ground that a constitutional question is involved.

Relator was on February 20, 1917, appointed adult probation officer of Cook county by the judges of the circuit and superior courts of Cook county pursuant to authority vested in them by statute, and continued to hold that position by periodical annual orders of the judges of those courts to the time of the filing of her petition. For the fiscal year 1931 her salary was appropriated in the amount of $210 per month and so paid except as hereinafter noted. During the first half of September of that year she received no salary as such probation officer, and for that portion of the fiscal year 1932 commencing December 7, 1931, and ending March 13, 1932, the county board reduced her salary fifteen per cent, appropriating $178.50 per month as her salary for that period. After the last mentioned date she received no salary. It also appears from the record that on June 29, 1931, the county board adopted a resolution which, after reciting the reduced finances of the county, provided that all county officers and employees be required to take a vacation of two weeks without receiving any pay. Relator had taken her vacation with pay, and so, pursuant to this resolution of the board, one-half of her salary, or $105, was deducted from her compensation for September, 1931. On March 5, 1932, the county board adopted an appropriation ordinance for the fiscal year 1932 which appropriated for salaries of adult probation officers and others, amounts fifteen per cent less than those appropriated for such purpose for the fiscal year 1931, resulting in a reduction of the salaries of adult probation officers of the class of the relator from $210 to $178.50 per month. This ordinance appropriated at the reduced rate for salaries of twelve adult probation officers for the entire fiscal year of 1932 and for two such officers for the three and one-third months of that fiscal year which had preceded the adoption of the appropriation ordinance. The judges of the circuit and superior courts

having on February 5, 1932, fixed the number of adult probation officers for the fiscal year 1932 at fourteen, the probation office presented to the comptroller's office after March 13, 1932, pay-rolls containing fourteen names as adult probation officers. These pay-rolls were rejected and the comptroller's office required that two names be dropped for the balance of the fiscal year in order to make the pay-roll accord with the appropriation ordinance and budget. Relator was one of those whose names were left off the pay-roll, and she brings this action to restore her rights as she claims them.

By section 9 of the Probation act (Cahill's Stat. 1933, chap. 38, par. 819,) the circuit and superior courts of Cook county are empowered to appoint a probation officer and also such additional probation officers for the county as they may deem necessary or advisable. Such officers are to serve from the date of their appointment, in the discretion of the courts appointing them. Section 14 of that act concerns the salaries of probation officers, and provides that the compensation of such officers shall be paid by the county treasurer on warrants of the county comptroller or other person authorized to issue such warrants. It is in that section further provided "that the compensation paid any chief probation officer in counties of the third class shall not exceed $6000 nor be less than $5000 a year. The compensation of each of not more than three assistant probation officers in counties of said class, shall not exceed $3000, nor be less than $2600 a year, and the compensation of any other probation officer in counties of said class, shall not exceed $2600, nor be less than $2400 a year, and shall, in the case of probation officers of the circuit court be fixed by said court with the approval of the county board." As herein stated, the judges of the circuit and superior courts fixed the number of adult probation officers for the fiscal year 1932 at fourteen. The appropriation ordinance of the county board, however, as we have stated, appro-

priated for but twelve of that number for the balance of the year after March 13, 1932, at $178.50 each per month, or $2142 for the year. So far as appears from the record the judges made no order fixing the salaries of adult probation officers for that year. The amount appropriated as salary for the class of adult probation officers to which relator belongs was below the minimum fixed by the statute.

The relator contends, and the circuit court in effect held, that the county board was without authority either to deduct two weeks' salary from relator's pay in September, 1931, or to reduce the number of adult probation officers or their salaries. Plaintiffs in error argue, however, that the judgment of the circuit court contravenes section 7 of article 10 of the constitution of this State, providing that the affairs of Cook county shall be managed by a board of commissioners, for the reason that it took from that board the management of the affairs of the county. It is also argued that the court erred in directing that the necessary steps be taken to pay relator the sum of $105 deducted from her September, 1931, salary; that it erred in directing the board to appropriate for relator's salary a sum sufficient to bring her compensation to the rate of $210 per month from December 7, 1931, to March 13, 1932, and in directing the board to fix and appropriate for relator's salary for the balance of the fiscal year 1932.

The first two questions were decided in *People* v. *Whealan,* 353 Ill. 500. In that case a writ of *mandamus* was sought to coerce the payment of the salary of a deputy bailiff. It was there held that the general provision of the constitution vesting the management of affairs of Cook county in a board of commissioners does not confer unrestricted power in the conduct, management or supervision of the several county officers, and that the judgment of the court, so far as it required payment in full for the fiscal year the salary of a deputy when that salary was once fixed by the board, was not a violation of

the constitutional provision concerning the management of county affairs. In that case, as in this, a deduction of two weeks' salary of the relator for the month of September, 1931, was attempted, and it was there pointed out that it was the purpose of the legislature that no changes in salaries or rates of compensation of deputies and assistants, except periodically and in the manner defined, should be permitted. Attention was there called to the danger of permitting such a practice. We are of the opinion that the reasons there given apply with equal force here.

Counsel for plaintiffs in error say, however, that relator here is not a county officer, and since section 61 of the Counties act, (Smith's Stat. 1933, p. 850,) prohibiting a change of salaries of such county officers, applies only to county officers and employees, the county board is free, here, to make such changes at such times as it chooses. It is true, as counsel says, that adult probation officers are not county officers or employees but are officers of the court appointing them. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 273 Ill. 110.) The conclusion sought to be drawn from that fact, however, can scarcely be said to be of avail to plaintiffs in error in this case, for the reason that the county board does not fix, and therefore cannot be said to have the right to increase or decrease, the salaries of adult probation officers, but, as we have seen, section 14 of the Probation act provides that the salaries of such officers in counties of the third class shall be fixed by the circuit and superior courts with the approval of the county board. The same is to be said concerning the power of the county board to reduce the number of probation officers fixed by the circuit and superior courts. It is without such power.

Counsel for plaintiffs in error say, however, that the record in this case does not show that the judges fixed the salaries of the probation officers for the year 1932. And this is true. Relator replies that this point was not raised

in the court below and is not available to plaintiffs in error on review. They did complain, however, that the relator did not show a right to the writ. It has long been the rule in this State that a relator in *mandamus* must show a clear and undoubted right to the relief prayed and a corresponding duty on the part of the respondent to do the act sought to be compelled. (*Hooper* v. *Snow,* 326 Ill. 142; *People* v. *Department of Public Works,* 320 id. 117.) This is a burden which rests on the relator, and it is incumbent on him to show every material fact necessary to establish the existence of such right and duty. (*People* v. *Sellars,* 179 Ill. 170; *Swift* v. *Klein,* 163 id. 269; *Chicago and Alton Railroad Co.* v. *Suffern,* 129 id. 274.) To compel the relief sought it was incumbent on the relator in this case to show that her salary had been fixed by the judges of the circuit and superior courts with the approval of the county board. This she did not do. *Mandamus* will not lie when an official act sought to be coerced depends upon the act or approval of a third person, (*MacGregor* v. *Miller,* 324 Ill. 113,) and while the county board had no power to reduce the number of adult probation officers from that fixed by the judges of the circuit and superior courts or to refuse to appropriate the salaries for such officers when such salaries had been fixed by those judges with the approval of the board, yet it can scarcely be said that it may be required by *mandamus* to appropriate funds to pay a salary until the same has been fixed according to law. *Quernheim* v. *Asselmeier,* 296 Ill. 494.

Concerning the reduction of relator's salary for the first three and a fraction months of the fiscal year 1932, it is clear the county board had no right to make such reduction for two reasons: First, it did not possess the power to fix the salary; and second, the amount fixed was below the minimum fixed by statute. Either of these reasons is sufficient to show the want of power in the county board to reduce the salaries of adult probation offi-

cers to the extent of fifteen per cent. It does not follow, however, that the writ of *mandamus* requiring that the county board appropriate for that period as salary of relator the unappropriated portion of the salary claimed can be sustained. In fact and in law it cannot, for the reason heretofore given that there is no showing that her salary had been fixed by the judges of the circuit and superior courts for the fiscal year 1932.

Concerning relator's right to the payment of $105 deducted from her September, 1931, salary a different situation exists. The salary had been appropriated, and under the reasoning in *People* v. *Whealan, supra,* it was not the intention of the legislature that the county board should be given power to reduce or increase such salary during the period for which appropriation has been made therefor. It may be further observed, as herein pointed out, that since the fixing of relator's salary was not within the power of the board such deduction likewise falls without that power.

It is argued that it was error to direct the issuance of a warrant to relator because it was shown on the trial that the county had no funds with which to pay such warrant. The warrant we find should be issued is payable out of the appropriation for the fiscal year 1931, and the record does not show that the funds so appropriated were not or are not available.

The judgment of the circuit court as to the $105 deducted from relator's salary of September, 1931, is correct, but for reasons herein given it was otherwise erroneous. That judgment is therefore reversed and the cause is remanded to the circuit court, with directions to award a writ of *mandamus* commanding those respondents charged by law with the duty to issue and pay warrants to so issue and pay such warrant to relator in the sum of $105 as the amount of her salary so deducted.

*Reversed and remanded, with directions.*