279 P.2d 1041

W. A. GREER, Petitioner and Appellant,

v.

E. S. WALKER, Commissioner of Public Lands of the State of New Mexico, Respondent and Appellee.

No. 5815.

Supreme Court of New Mexico.

Feb. 8, 1955.

P. H. Dunleavy, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Anthony J. Albert, Sp. Asst. Atty. Gen., for appellee.

LUJAN, Justice.

Petitioner, appellant herein, on December 30, 1952, filed application in the state land office, for a mining lease of certain lands, for the purpose of exploring for uranium ore and other minerals. This application was not acted upon by the then Commissioner of Public Lands before his term expired on December 31, 1952. Petitioner, on May 18, 1953, again filed his application in the state land office. On the same day the newly elected Commissioner of Public Lands denied petitioner's application. Thereafter petitioner filed his petition for a writ of mandamus in the District Court of Santa Fe County, seeking to compel the Commissioner of Public Lands to execute and deliver to him mining leases of certain lands described therein. On October 15, 1953, the District Court issued an alternative writ of mandamus commanding the Commissioner of Public Lands to immediately issue to petitioner mining leases of certain lands as prayed for in his petition or show cause why he has not done so. An answer was filed by the Commissioner of Public Lands, and after a hearing, the alternative writ of mandamus was dis-

missed by the court with prejudice, whereupon this appeal was taken.

For the sake of brevity the Commissioner of Public Lands will hereafter be referred to as the Commissioner.

The petitioner contends that upon application for mineral leases it was the mandatory duty of the Commissioner to issue said leases, and his failure to do so was wrongful, unlawful and arbitrary; and that since his duty was mandatory, or if his refusal was unlawful and arbitrary, the writ of mandamus was available to compel the mandatory duty or to overcome the unlawful and arbitrary refusal.

Ordinarily, mandamus lies only to enforce a clear legal right against one having a clear legal duty to perform an act necessary to enjoyment of such right. State ex rel. McElroy v. Vesely, 40 N.M. 19, 52 P.2d 1090. And a party cannot be compelled to perform an act by mandamus unless it is made to affirmatively appear that it is his clear duty to do so. The party who seeks to compel the performance of an act must set forth every material fact with the same certainty, no more nor less, as in ordinary actions, to show that it is the plain duty of the one against whom the writ is sought to act in the premises, before the courts will interfere. State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242; People ex rel. City of Chicago v. Board of Review, 326 Ill. 124, 157 N.E.

186; People ex rel. Patton v. Sellars, 179 Ill. 170, 53 N.E. 545.

■ In the case at bar the alternative writ sets forth no allegations from which it could be inferred that the Commissioner is under duty to issue mining leases to petitioner. It fails to allege the existence of valuable placer deposits on the land sought to be leased, and to allege that petitioner had made discovery of placer mineral deposits in commercial quantities and on the contrary his application discloses affirmatively that he has not discovered minerals in paying quantities. Furthermore, the alternative writ fails to show that he had complied with the terms and conditions of the permits as is required by the rules and regulations of the land office, which would have given him the right to a placer mining lease.

So we hold that the allegations as they appear in the alternative writ, being insufficient to show a clear legal right in petitioner, he was not entitled to a writ of mandamus.

While other matters are raised in the answer, they will not be considered in view of our disposition of this appeal.

The judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE, and KIKER, JJ., concur.