THE PEOPLE *ex rel.* DWIGHT LOWELL MATHES, Petitioner-Appellant, *v.* JOHN D. FOSTER *et al.*, Respondents-Appellees.

Fourth District   No. 13074

Opinion filed September 2, 1976.

TRAPP, P. J., dissenting.

Gilbert A. Cornfield, of Kleiman, Cornfield & Feldman, of Chicago, for appellant.

John W. Russell, of Phelps, Russell, Carmody & Kasten, of Carlinville, for appellees.

Mr. JUSTICE GREEN delivered the opinion of the court:

The People *ex rel.* Dwight Lowell Mathes filed a petition in the Circuit Court of Sangamon County against respondents John D. Foster, James Hatcher and Alfred Langenbach, as members of the Civil Service Commission of the State of Illinois, and Nolan B. Jones, Director of Personnel of the State of Illinois, seeking a writ of mandamus. Upon motion of respondents, the petition was dismissed for failure to state a cause of action and the cause stricken. Petitioner appeals.

Petitioner alleged that he was an employee of the Bureau of Employment Security of the State of Illinois, having obtained that position by competing in an open examination and by selection from a published eligibility list. He alleged that he was within a reasonable and logical promotional line for certain positions which had nevertheless been filled from within the department "without the holding of objective examinations, the publication of and selection from eligibility lists." The complaint alleged that it was the statutory duty of the defendants, under the provisions of the Personnel Code of the State of Illinois (Ill. Rev. Stat. 1973, ch. 127, par. 63b101 *et seq.*) to fill positions only by open competitive examination and by establishing an eligibility list. He requested a writ of mandamus requiring:

> "The Respondents jointly and severally to submit proposed rules for the conduct of objective examinations to this Court and the publication of and selection from eligibility lists personnel within the Bureau of Employment Security to fill, by promotion, all new or vacant positions within the classified civil service, and that such rules, upon approval of this Court, be implemented."

■■ If the petition stated some grounds for relief in mandamus it should not have been stricken even though petitioner would not be entitled to all of the relief prayed. (*Illinois Watch Case Co. v. Pearson*, 140 Ill. 423, 31 N.E. 400.) Mandamus should be awarded only where the petitioner has established a clear right to this extraordinary remedy. (*White v. Board of Appeals*, 45 Ill. 2d 378, 259 N.E.2d 51.) However, "[a] doubt as to the law arising in connection with the construction of a statute does not justify a court in refusing to issue a writ of mandamus, where otherwise proper. It is the court's duty to solve such doubt." *Mitchell v. Short*, 251 Ill. App. 357, 363.

Section 8 of the Personnel Code (Ill. Rev. Stat. 1973, ch. 127, par.

63b108) provides for the Director of Personnel to prepare and submit to the Civil Service Commission for its approval rules for the positions and employees subject to the Act. The dispute in this case concerns the interpretation to be given to the requirements for the promulgation of rules by the terms of several sections of the Act. Section 8b.1 provides:

"§8b.1. For open competitive examinations to test the relative fitness of applicants for the respective positions. Tests shall be designed to eliminate those who are not qualified for entrance into or promotion within the service, and to discover the relative fitness of those who are qualified. The Director may use any one of or any combination of the following examination methods which in his judgment best serves this end: investigation of education; investigation of experience; test of cultural knowledge; test of capacity; test of knowledge; test of manual skill; test of linguistic ability; test of character; test of physical fitness; test of psychological fitness * * *." (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.1.)

Section 8b.2 provides:

"§8b.2. For promotions which shall give appropriate consideration to the applicant's qualifications, record of performance, seniority and conduct. An advancement in rank or grade to a vacant position constitutes a promotion." (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.2.)

Section 8b.3 provides:

"§8b.3. For the establishment of eligible lists for appointment and promotion, upon which lists shall be placed the names of successful candidates in order of their relative excellence in the respective examinations. The Director may substitute rankings such as superior, excellent, well-qualified and qualified for numerical ratings and establish eligible lists accordingly. * * *"

Section 8b.5 provides:

"§8b.5. For the appointment of the person standing among the 3 highest on the appropriate eligible list to fill a vacancy, or from the highest ranking group if the list is by rankings instead of numerical ratings, except as otherwise provides in Sections 4b, 4e and 17a of this Act." (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.5.)

Prior to 1963, section 8b.2 stated:

"For promotions which shall give appropriate consideration to the applicant's qualifications, record of performance, seniority and conduct. *Vacancies shall be filled by promotion whenever*

*practicable in the best interest of the service, and promotion shall be by competitive examination whenever practicable.* An advancement in rank or grade to a vacant position shall constitute a promotion." (Emphasis added.) Ill. Rev. Stat. 1961, ch. 127, par. 63b108b.2.

The purpose of the Code is stated to be "to establish for the government of the State of Illinois a system of personnel administration under the Governor, based on merit principles and scientific methods." (Ill. Rev. Stat. 1973, ch. 127, par. 63b102.) The legislative scheme is for rules to be enacted to provide for the filling of new positions and vacancies, if by those already in the service, by promotion pursuant to section 8b.2; and if by those outside the service, by appointment pursuant to section 8b.5. Although not directly in point here, the Code also provides for emergency appointments (section 8b.8), temporary appointments (section 8b.9), provisional appointments (section 8b.10), transfers (section 8b.11) and reinstatement (section 8b.12).

■■ The amendment to section 8b.2 eliminating the provision that "promotion shall be by competitive examination whenever practicable" has created uncertainty as to the relationship between that section and sections 8b.1, 8b.3 and 8b.5. Two rules of construction must be given consideration here. One is that when a special and general statutory provision are in conflict, the special provision shall control. (*Bowes v. City of Chicago*, 3 Ill. 2d 175, 120 N.E.2d 15.) The other is that amendments are to be construed together with the original Acts to which they relate as constituting one law and as a part of a coherent system of legislation, and the provisions of amendatory and amended acts are to be harmonized, if possible, so as to give effect to each and leave no clause of either inoperative. *Krimmel v. Eielson*, 406 Ill. 202, 92 N.E. 2d 767.

Since section 8b.2 deals specifically with the subject of promotions and sections 8b.1 and 8b.3 deal with that subject only generally and section 8b.5 not at all, we deem that the removal of the requirement that promotion be by competitive examination when practicable did eliminate the requirement that, when practicable competitive examination be the *sole* criterion for promotion. The amendment did not, however, remove the requirement of section 8b.2 for the adoption of rules for promotion "which shall give appropriate consideration to the applicant's qualifications, record of performance, seniority and conduct." Neither did the amendment remove the provision of section 8b.1 for rules for "open competitive examinations to test the relative fitness of applicants for the respective positions." Nor did it remove the requirement of that section that "[t]ests shall be designed to eliminate those who are not qualified for entrance into or *promotion* within the

service * * *." (Emphasis added.) The provisions of section 8b.3 for eligible lists for appointment and *promotion* also remained intact.

■■ In order to construe the amendment in question of section 8b.2 of the original act as part of a coherent system of legislation and to harmonize the amended and amendatory acts, as far as possible, leaving no clause of either inoperative, we deem that although competitive examinations are no longer the *sole* criterion when practicable for promotion, the legislature intended that open competitive examinations continue to be held. These examinations need not be written tests. The Director may use any of the examination methods prescribed by section · 8b.1. We do not interpret the Code to intend that these examinations be given to an individual only prior to entry into the service. Such an interpretation would require that a prospective entrant be examined at one time as to his qualifications for all positions to which he might ever aspire and would deter his incentive to improve any of these qualifications. Rather we envision a legislative scheme whereby those seeking promotion may take examinations from time to time for various higher positions. Such an interpretation is indicated by the reference to promotions in sections 8b.1 and 8b.3 and by the stated purpose of the Code.

Section 8b.5 states that appointments must be made from the three highest persons on the eligibility list or from the highest ranking group. We deem this to indicate that the eligibility lists for appointments be separate from those for promotions. Otherwise, if all of those among the three highest on the eligibility list and all of those in the highest ranking were present employees, no appointment could be made. Although promotions no longer need be made by competitive examination whenever possible, section 8b.2 still requires rules "for promotions which shall give appropriate consideration to the applicant's qualifications, record of performance, seniority and conduct." The subject of the examinations required by section 8b.1 concerns some of this criteria. The apparent reason for continuing the requirement for these examinations for applicants for promotion would be to make the results available for those who pass upon promotions.

The retention of the provision of section 8b.2 requiring rules for promotions based upon a consideration of the various attributes of the applicants indicates an intention that promotions continue to be made upon a competitive merit basis. The deletion of the reference to competitive examinations as the usual sole criteria to be considered broadens the basis upon which promotions may be made and permits a more subjective determination. Proof of an abuse of discretion in making a promotion obviously becomes more difficult when the criteria for

making the determination becomes more subjective. The responsibility for making the promotion upon merit, however, is not lessened.

■■■ Petitioner's request that the writ require all new positions and vacancies to be filled by promotion is clearly unwarranted. Even before the amendment, promotion was given precedence over appointment and other methods of hiring only "when practicable." The amendment removed all reference to a preference for promotion. No provision of any other section of the Code negates an interpretation that preference for promotion was thereby abolished.

We have ruled that the Code requires the enactment of rules to provide for periodic examinations for those in the service who seek promotion and that the results of these examinations are to be placed in numerical order on an eligibility list to be available to those responsible for filling vacancies. We have also ruled that the Code requires rules for the making of promotions giving consideration to the stated qualities of the applicant. The complaint alleges a failure to completely promulgate these rules which is not controverted by the motion to dismiss. Accordingly, we reverse and remand this case to the Circuit Court of Sangamon County. If determination is subsequently made that rules meeting these requirements are in force, the writ should be denied. If not, a writ should issue mandating their enactment.

Reversed and remanded.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE TRAPP, dissenting:

Petitioner sought to have the court declare that under the statute promotions could be made *only* by open competitive examination and from an eligibility list prepared from such examination. The trial court determined that the respondents were under no statutory duty to promote solely by competitive examination.

The opinion apparently concludes that petitioner is not entitled to this relief. For such reason, the judgment below should be affirmed.

The court having concluded that petitioner was not entitled to the specific relief sought, I cannot agree that it undertake to continue the construction of the statute as in declaratory judgment when the issues before the trial court were not for declaratory relief.

Petitioner also asks that the court order respondents to propose rules for the conduct of objective examination to be approved by the court. Mandamus is improper where the issuance of the writ would require the court to assume supervision over a continuous course of official conduct. *People ex rel. Metropolitan Chicago Home Association v. Walker* (1975),

31 Ill. App. 3d 38, 332 N.E.2d 750; *People ex rel. McGrady v. Carmody* (1968), 104 Ill. App. 2d 137, 243 N.E.2d 19.