(No. 48911.—

THE PEOPLE *ex rel.* DWIGHT LOWELL MATHES, Appellee, v. JOHN D. FOSTER *et al.,* Appellants.

*Opinion filed September 20, 1977.*

John W. Russell, of Phelps, Russell, Carmody & Kasten, of Carlinville, for appellants.

Gilbert A. Cornfield, of Kleiman, Cornfield & Feldman, of Chicago, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

In the circuit court of Sangamon County, petitioner, Dwight L. Mathes, sought a writ of *mandamus* against the respondents, John D. Foster, James Hatcher, and Alfred E. Langenbach, as members of the Civil Service Commission of the State of Illinois (Commission), and Nolan B. Jones, Director of Personnel of the State of Illinois (Director). The petition was dismissed for failure to state a cause of action. On appeal, the appellate court, in a split decision, held that the petition had stated a cause of action. It, therefore, reversed and remanded the cause with directions. (40 Ill. App. 3d 1053.) We granted respondents leave to appeal.

Petitioner alleged that he was an employee of the Bureau of Employment Security of the State of Illinois (Bureau); that he had obtained that position by competing in an open examination and by being selected from a published eligibility list; that he was within the reasonable and logical promotional line for certain positions within the Bureau; and that, contrary to the Personnel Code (Code) (Ill. Rev. Stat. 1973, ch. 127, par. 63b101 *et seq.*), the respondents adopted or condoned a policy of filling, by promotion, new or vacant classified positions within the Bureau "without the holding of objective examina-

tions, [and without] the publication of and selection from eligibility lists." Petitioner further alleged that it was the statutory duty of respondents to fill positions by open competitive examination and to establish eligibility lists. The petition requested a writ of *mandamus* requiring:

"The Respondents jointly and severally to submit proposed rules for the conduct of objective examinations to this Court and the publication of and selection from eligibility lists personnel within the Bureau of Employment Security to fill, by promotion, all new or vacant positions within the classified civil service, and that such rules, upon approval of this Court, be implemented."

The respondents, in their motion, sought to dismiss the petition on the grounds that no statutory provision or rule of the Department of Personnel (Department) or the Commission required a competitive promotional program for certified employees of the Bureau. It was further asserted that noncompetitive promotions were provided for and were proper pursuant to the Department's Rule 2–130.

Prior to 1963, section 8b(2) of the Code required that the Director provide rules "[f]or promotions which shall give appropriate consideration to the applicant's qualifications, record of performance, seniority and conduct." It also provided:

"*Vacancies shall be filled by promotion whenever practicable in the best interest of the service, and promotion shall be by competitive examination whenever practicable.* An advancement in rank or grade to a vacant position shall constitute a promotion." (Emphasis added.) (Ill. Rev. Stat. 1961, ch. 127, par. 63b108b(2).)

Subsequent to 1963, the legislature amended section 8b(2) by deleting the emphasized portion above.

The trial court determined that, in light of the deletion, the legislature intended that competitive examinations no longer be the required basis for promotions and that procedures for promoting employees were to be left

to the discretion of the Department. Accordingly, the trial court held that the petition failed to state a cause of action.

On appeal, the appellate court considered two sections of the Code which the trial court did not discuss in its conclusion: sections 8b.1 and 8b.3 (Ill. Rev. Stat. 1973, ch. 127, pars. 63b108b.1 and 63b108b.3). Section 8b.1 (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.1) provides that rules shall be promulgated "[f]or open competitive examinations to test the relative fitness of applicants for the respective positions." The section further provides:

"Tests shall be designed to eliminate those who are not qualified for entrance into or promotion within the service, and to discover the relative fitness of those who are qualified. The Director may use any one of or any combination of the following examination methods which in his judgment best serves this end: investigation of education; investigation of experience; test of cultural knowledge; test of capacity; test of knowledge; test of manual skill; test of linquistic ability; test of character; test of physical fitness; test of psychological fitness."

Section 8b.3 (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.3) provides "[f]or the establishment of eligible lists for appointment and promotion, upon which lists shall be placed the names of successful candidates in order of their relative excellence in the respective examinations." It also provides that "[t]he Director may substitute rankings such as superior, excellent, well-qualified, and qualified for numerical ratings and establish eligible lists accordingly."

Due to the retention of this statutory language dealing with competitive promotional examinations and promotional eligibility lists, the appellate court determined that the elimination of the provision in section 8b(2) (now section 8b.2)—that "promotion shall be by competitive examination whenever practicable"—created an uncertainty as to the continued relationship of section 8b.2 to

sections 8b.1 and 8b.3. Turning then to the rules of statutory construction, the appellate court concluded that the legislative deletions in amended section 8b.2 only eliminated the requirement that, when practicable, competitive examination be the sole basis for promotion. It held that, "although competitive examinations are no longer the *sole* criterion when practicable for promotion, the legislature intended that open competitive examinations continue to be held," that promotions be made from eligibility lists established as a result of those examinations, but that, in making the actual promotion, consideration could and should be given to the "applicant's qualifications, record of performance, seniority and conduct," as provided by section 8b.2. (40 Ill. App. 3d 1053, 1057.) Consequently, the appellate court found that the Code did require rules for competitive promotional examinations and for the establishment of promotional eligibility lists. The court also ruled that, to the extent that petitioner's prayer for relief requested the promulgation of rules requiring all new positions and vacancies within the Bureau to be filled by promotion, such relief could not be granted. The amendment to section 8b(2) specifically eliminated the preference for filling vacancies by promotion. The court, therefore, reversed and remanded the cause with directions to the trial court to determine whether there presently existed rules in accord with the appellate court's interpretation, and, if not, to issue a writ mandating the enactment of such rules.

In this court, respondents contend that the decision of the appellate court is erroneous, that court having misinterpreted the Code. Alternatively, the respondents argue that, to the extent that rules may be required for competitve promotional examinations, petitioner is, nevertheless, not entitled to a writ of *mandamus.*

Respondents argue that the elimination of the requirement that "promotion shall be by competitive examina-

tion whenever practicable," relieved the Director and the Commission of the duty to promulgate rules for both the conduct of competitive promotional examination and the establishment of and selection from promotional eligibility lists. We disagree.

The appellate court reached a correct conclusion. It properly applied the rules of statutory construction which require amendments to be construed together with the original acts, and require that provisions of amendatory and amended acts be harmonized, if possible, so as to give effect to each and leave no clause of either inoperative. *Follett's Illinois Book & Supply Store, Inc. v. Isaacs* (1963), 27 Ill. 2d 600, 605-06; *Krimmel v. Eielson* (1950), 406 Ill. 202, 205.

The stated purpose of the Code is "to establish for the government of the State of Illinois a system of personnel administration under the Governor, based on merit principles and scientific methods." (Ill. Rev. Stat. 1973, ch. 127, par. 63b102.) To this end, the legislature envisioned a system of government personnel management whereby the most qualified individuals are selected to fill new or vacant positions in the civil service system. For this reason, we believe the legislature intended that promotions continue to be made on the basis of competitive merit.

The amendment to section 8b(2) only eliminated the requirement that promotions be based solely on the results of a competitive examination. It did not eliminate the requirement of section 8b.1 that open competitive examinations be given "to test the relative fitness of applicants for the respective positions," nor did it eliminate that section's requirement that these tests "shall be designed to eliminate those who are not qualified for *** promotion within the service, and to discover the relative fitness of those who are qualified." (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.1.) The amendment did not eliminate the section 8b.3 requirement which called for the promulga-

tion of rules establishing promotion eligibility lists setting forth the names of successful candidates in order of their relative excellence in the respective examinations. (Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.3.) Amending section 8b(2) merely allowed that, in addition to a competitive promotional examination, other enumerated factors can be considered, such as "the applicant's qualifications, record of performance, seniority and conduct." Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.2.

Accordingly, we hold that the Code does require the promulgation of rules for competitive promotional examinations and the establishment of and selection from promotional eligibility lists. We disagree, however, with the appellate court's specification that the rules provide for the listing of qualified individuals according to their numerical order. Section 8b.3 states that the Director need not rank according to numerical order, and may substitute rankings such as superior, excellent, well-qualified and qualified, establishing eligibility lists accordingly. Ill. Rev. Stat. 1973, ch. 127, par. 63b108b.3.

Respondents contend, as did the appellate court's dissenting opinion, that even if the Code requires the promulgation of rules for competitive promotional examinations, petitioner had not stated a cause of action inasmuch as his prayer specifically asked that rules be promulgated requiring the actual filling of vacancies by the sole means of competitive, objective examination. Respondents assert that because promotions need not be based solely on the basis of competitive examination, no relief can be granted.

Respondents have misinterpreted petitioner's prayer for relief. It was alleged by petitioner that since on or about May 1, 1973, vacancies within the Bureau were filled by promotion "without the holding of objective examinations, [and without] the publication of and selection from eligibility lists." It would appear from this

allegation that competitive promotional examinations had never been administered, and that persons were being promoted within the Bureau without the establishment of eligibility lists. The prayer for relief did not request that the rules require vacancies to be filled only by competitive objective examination.

Respondents, citing *People ex rel. Callahan v. Whealan* (1934), 356 Ill. 328, 334, next assert that *mandamus* is an inappropriate remedy inasmuch as *mandamus* will not issue where the relief sought depends on the acts of a third party.

Although section 10(3) of the Code (Ill. Rev. Stat. 1973, ch. 127, par. 63b110(3)), empowers the Commission to disapprove any proposed rules submitted to it by the Director, the Code requires, as we have found, that at least some rule be promulgated which provides for competitive promotional examinations and promotional eligibility lists. Thus, even though the Commission can reject any particular rule submitted to it by the Director, the Code does require that a rule be promulgated and finally approved. Accordingly, the Commission does not have the power to defeat the relief sought by the petitioner.

Finally, respondents contend that *mandamus* is inappropriate here since it seeks to invoke the court's continuous supervision. Petitioner, in his prayer for relief, requested that rules be promulgated as required by the Code and that these rules be submitted to the court for its approval. The prayer did not request the court to continuously monitor the respondents' future enforcement of the rules. The question of the court's continued supervision is, therefore, not presented here. We find, however, that the petitioner's request for relief is inappropriate to the extent that it requires respondents to submit the proposed rules to the court for approval. A writ of *mandamus* may not be used to command the respondents

as to the method or manner by which they choose to implement the statutory requirements. (*People ex rel. City of Chicago v. Board of Review* (1927), 326 Ill. 124, 140-41.) *Mandamus* will lie only to require respondents to promulgate rules which are contemplated by the statute and which, assertedly, do not exist. (*People ex rel. City of Chicago v. Board of Review* (1927), 326 Ill. 124, 141.) The court may not require the respondents to submit the proposed rules to it for its final approval.

At oral argument, respondents' counsel asserted that the present rules of the Department meet the requirements of the Code. This, however, was not alleged in respondents' motion to dismiss. There it was averred that no statute or rule of the Department or Commission required a competitive promotional program for certified employees of the Bureau and that noncompetitive promotions are provided for and are proper pursuant to the Department's Rule 2—130. The affirmative matter which is now asserted by counsel should have been raised in its motion to dismiss pursuant to section 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48(1)(i)).

For the reasons stated, this cause is remanded to the circuit court of Sangamon County to determine if rules consistent with this opinion presently exist. If such rules do exist, the writ should be denied; if not, a writ should issue mandating their promulgation.

Accordingly, the judgment of the appellate court is affirmed and the cause is remanded to the trial court with directions.

*Affirmed and remanded, with directions.*