Hillsborough, } No. 3125.
Jan. 2, 1940. }

DELIA J. FITZPATRICK *v.* RALPH W. PARSONS.

*Bolic A. Degasis* and *Robert J. Doyle* (*Mr. Doyle* orally), for the plaintiff.

*Devine & Tobin (Mr. Devine* orally), for the defendant.

PAGE, J. Taken most favorably for the plaintiff, the testimony establishes these facts. The plaintiff was proceeding in her car easterly on Bowers Street and the defendant northerly on Allds Street, Nashua, when the defendant ran into the side of the plaintiff's car just after it had crossed the middle line of Allds Street. At this point Allds Street is thirty feet wide, or a little more. Because of a narrowing of Bowers Street east of the intersection, plaintiff's course across Allds Street, if completed, would have been somewhat greater than the width of that street.

When the plaintiff got about twenty feet west of the intersection, she slowed down and looked first to her right (from which direction the defendant was approaching), then to the left and saw nothing coming. Her view south on Allds Street was then limited to about one hundred feet. When her car reached the curve in the curb at the intersection, she looked right and then left, and again saw nothing coming. When looking to the right, she looked as far as Williams Street, a distance of about three hundred feet. She could have seen much further, but thought that looking a distance of three hundred feet was reasonable.

She shifted gear and proceeded through the intersection without looking again to the right. She first saw defendant's car when it was within six or eight feet, too late to do anything to avoid the collision. The defendant's speed was thirty-five or forty miles an hour, according to a neutral eye-witness.

The defendant says that it conclusively appears that the plaintiff's own negligence contributed to cause her injuries, that she either drove into the intersection without looking or was careless in the manner in which she looked. He relies particularly on the fact that she looked no further than three hundred feet, though she could have looked much further. Whether or not she took a reasonable survey of the street and its traffic was for the jury to decide. *Feuerstein* v. *Grady,* 86 N. H. 406, 408. There was evidence upon which the issue could be decided in her favor.

While the plaintiff was under the duty of yielding the right of way to the defendant if there was a reasonable chance of collision if she did not (*Gendron* v. *Glidden,* 84 N. H. 162), it could not be said as a matter of law that she failed in that duty if the defendant was three hundred feet away. The defendant would have gone that distance in five seconds. The plaintiff in the same time, it could be found,

would not have cleared the path of the defendant. But reasonable care did not as a matter of law require the plaintiff to anticipate a speed of forty miles an hour on the part of the defendant in a city street at a time when traffic was unusually heavy. A look for the distance of three hundred feet might be reasonable. It was open to the jury to find that the negligence of the defendant was the sole cause of her injuries and that her failure to look further than she did was not causal negligence. Equally they could find that under the existing circumstances she was not negligent in driving through the intersection without looking a third time to her right.

The physical facts are not such as necessarily to discredit the plaintiff's story of her survey of Allds Street for the distance stated. The case does not fall under the principles laid down in *Niemi* v. *Railroad*, 87 N. H. 1; *Fraser* v. *Railway*, 84 N. H. 107; *Brown* v. *Mailhot*, 89 N. H. 240; *Lafountaine* v. *Moore, ante,* 258.

*Judgment on the verdict.*

All concurred.