Merrimack, } No. 3322.
May 5, 1942.

STATE *v.* JAMES M. LANGLEY.

138

*Frank R. Kenison*, Attorney-General, and *Raymond K. Perkins*, County Solicitor (*Mr. Kenison* orally), for the State.

*Robert W. Upton* and *Richard F. Upton* (*Mr. Richard F. Upton* orally), for the defendant.

MARBLE, J. Chapter 125 of the Laws of 1937, as amended by chapter 130 of the Laws of 1939, is a comprehensive statute designed to lessen the dangers of highway travel. It prescribes speed regulations for common areas such as business and residence districts and assigns to the Commissioner of Motor Vehicles the task of determining "a speed limit which is reasonable and safe" for sections of the highways not capable of general classification. The assignment of this duty to the Commissioner is not an invalid delegation of legislative power. *Musgrove* v. *Parker*, 84 N. H. 550, 552, and cases cited; *Conway* v. *Water Resources Board*, 89 N. H. 346, 352, 353.

It should be noted that the statutory prohibition is merely against unreasonable speed and that speed in excess of that designated as reasonable and safe either by the Commissioner or by the statute itself is not forbidden. The statute provides, however, that speed in excess of that determined by the Commissioner "shall be *prima facie* evidence that such speed is not reasonable and safe" — evidence, in other words, "sufficient to invoke the judgment of the trier of fact, and to support a verdict if one be found." *State* v. *Lapointe*, 81 N. H. 227, 236. No such rule is made applicable to prosecutions for unreasonable speed in business or residence districts.

As the facts of the present case are understood, the alleged offense occurred in an urban residence district over which the Commissioner

had no jurisdiction. The statute expressly provides that it shall be *prima facie* lawful for the driver of any vehicle to drive the same at a speed not exceeding twenty-five miles an hour in such a district, and it could not have been the legislative intent to confer authority on the Commissioner to determine speed limits in those areas where definite provision as to speed is made by the statute itself. See *Merchants &c. Co.* v. *Egan*, 91 N. H. 368, 370; *Continental Ins. Co.* v. *Charest*, 91 N. H. 378, 380.

While it is true that the speed limit alleged to have been established by the Commissioner in the present case is the same as that authorized by the statute in an urban residence district, the rule relating to the burden of proof would be more favorable to the State if it were a fact that the speed limit had been lawfully determined by the Commissioner.

Furthermore, even if the Commissioner had authority to determine the speed limit for the area in question and could properly delegate to his director of safety the duty of investigation and recommendation, definite acceptance of the director's recommendation would be essential, and the Commissioner's mere knowledge of the director's action would not constitute that formal determination of the speed limit which in our opinion the statute requires. See *Morgan* v. *United States*, 298 U. S. 468, 478, 479; *West Springfield* v. *Mayo*, 265 Mass. 41, 44; *Elite Dairy Products, Inc.* v. *Ten Eyck*, 271 N. Y. 488, 498.

This conclusion makes it unnecessary to consider the other arguments which defendant's counsel have advanced.

The Superior Court is advised that the determination of the speed limit by the director of safety was without legal effect, and since the agreed statement of facts (in effect a bill of particulars) is inconsistent with the material allegations of the information, the order must be

*Information quashed.*

All concurred.