CONCRETE MATERIALS COMPANY,
Appellant, v. EMPLOYERS MUTUAL LIABILITY INS. CO.,
of Wis. et al. Respondents.

(19 N. W.2d 523.)

(File No. 8732. Opinion filed July 13, 1945.)

Eugene C. Mahoney and Tom Kirby, both of Sioux Falls, for plaintiff and Appellant.

Davenport, Evans & Hurwitz, of Sioux Falls, for defendant and respondent Employers Mut. Liability Ins. Co., of Wisconsin.

**T. R. Johnson,** of Sioux Falls, for defendant and Respondent, Roy Johnson.

ROBERTS, J. Plaintiff brought this action under the provisions of the Uniform Declaratory Judgments Act (SDC 37.01) for construction of policies of insurance issued by defendant company. The cause was submitted to the trial court on an agreed statement of facts. Judgment was rendered in favor of defendants and plaintiff appeals.

Defendant Roy Johnson was an employee of plaintiff Concrete Materials Company. He instituted an action seeking damages from his employer for injuries which he alleged were sustained by reason of the negligence of the employer in failing to provide a safe place in which to work. The employee alleged that as a result of such negligence he contracted the "occupational disease known as pneumoconiccis or silicosis." Defendant employer in that case took the position that the complaint described "an injury by accident" compensable only under the provisions of the Workmen's Compensation Law (SDC 64). After an adverse ruling on its motion to dismiss the complaint in that action, the defendant employer appealed. The order of the trial court was affirmed. Johnson v. Concrete Materials Co., 70 S. D., 95, 15 N. W.2d 4.

The agreed facts disclose that defendant Employers Mutual Liability Insurance Co. of Wisconsin denied that the damages claimed in the suit instituted by Johnson were covered by its policies of insurance and has refused to undertake the defense of such action.

It is conceded that the policies issued by defendant insurance company were effective during the period from September 14, 1938 to April 1, 1943. They were substantially in the same form and contained the following provisions:

"Employers Mutual Liability Insurance Company of Wisconsin * * * Does hereby agree with this employer * * * as respects personal injuries sustained by employees, * * *.

"One (a) To pay promptly to any person entitled thereto, under the workmen's compensation law and in the man-

ner therein provided, the entire amount of any sum due, and all instalments thereof as they become due, * * *.

"One (b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of said employees as are legally employed wherever such injuries may be sustained within the territorial limits of the United States of America or the Dominion of Canada. * * *

"Three To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent.

"Four To pay all costs taxed against this employer in any legal proceedings defended by the company, all interest accruing after entry of judgment and all expenses incurred by the company for investigation, negotiation or defense."

The endorsements referred to in the policies and attached thereto contained the following provision:

"5. Except as otherwise provided in any other endorsement issued to form a part of this policy, this policy does not afford insurance under paragraph One (b) with respect to occupational disease. The provisions of paragraphs Two, Three, and Four do not apply with respect to occupational disease for which no insurance is afforded under paragraph One (b)."

The demand made by Johnson in his suit brought against the Concrete Materials Company is not a demand for compensation. Johnson v. Concrete Materials Co., supra. The demand is not within the coverage provided by paragraph One (a) and the question presented, therefore, is whether such demand is within the coverage provided in paragraph One (b). It is contended by appellant employer that a policy of insurance must cover the entire liability of the employer to his employees and that the endorsement which specifically states that "this policy does not afford insurance under paragraph One (b) with respect to occupa-

tional disease" is void. This argument is based upon the provisions of SDC 31.3307 which provides:

"Every policy of insurance issued by a stock company, or by a mutual association authorized to transact workmen's compensation or employers' liability insurance in this state, shall cover the entire liability of the employer to his employees covered by the policy or contract, and shall also contain a provision setting forth the right of the employees to enforce in their own names, either by at any time filing a separate claim or by at any time making the insurance carrier a party to the original claims, the liability of the insurance carrier in whole or in part for the payment of such compensation. Payment of such compensation, in whole or in part, by either the employer or the insurance carrier shall, to the extent thereof; be a bar to the recovery against the other of the amount so paid."

■ A statute must be construed according to its manifest intent, and that intent must be derived from the statute as a whole, as well as other enactments upon the same subject, and not from any single word, phrase or clause unless the word, phrase or clause excludes any other conclusion than that indicated by it.

The first law in this state providing for Workmen's Compensation was Chapter 376, Laws 1917. This statute (§§ 46 to 54, inclusive) required employers subject to its provisions to insure their liability in a corporation, association or organization approved by the State Department of Insurance or in lieu thereof to enter into an agreement with their workmen to provide a plan of compensation. There was also enacted at that session Chapter 277 authorizing the formation of mutual employers liability associations by employers for the purpose of insuring themselves and other persons or firms as may be subscribers thereto against liability for compensation payable under the workmen's compensation law or for purpose of insuring against loss or damage by sickness, bodily injury or death by accident of any person employed by an insured and Chapter 278 entitled "An Act Regulating Policies of Insurance Issued in This State for Workmen's Compensation or Employers' Liability

and Prescribing Conditions and Provisions to be Contained or Prohibited in Such Policies."

■■ Section 31.3307, hereinbefore set out, originated as Section 3, Chapter 278, Laws 1917. We are convinced that these provisions apply only to policies to secure payment of compensation to employees required by the Workmen's Compensation Law. The words "or by a mutual association authorized to transact workmen's compensation or employers' liability insurance in this state" are merely descriptive of mutual associations organized under the provisions set forth in SDC 31.34 substantially as enacted by Chapter 277, Laws 1917, and are not intended to make the provisions of the section applicable to employers' liability insurance. This intention was clearly evidenced by other sections of Chapter 278, Laws 1917. Section 8 (SDC 31.3312), comparable to Section 3 (SDC 31.3307), prescribed conditions and provisions to be contained in policies insuring against liability of employers for personal injuries. Section 9 (SDC 31.3313) of the same act read as follows:

"All policies or contracts made for the insurance of the compensation provided by the workmen's compensation act of this state, or against employers' liability described in Section 8 of this act, shall be deemed to be made subject to the provisions of this act, and all provisions of such policies inconsistent herewith shall be void."

In view of the language of the relevant statutes as above set forth, we are unable to agree with the contention of appellant. It is apparent that the legislature did not intend the language of Section 31.3307, supra, to apply to employers' liability insurance.

The judgment appealed from is afirmed.

SMITH, P.J., and POLLEY and RUDOLPH, JJ., concur.

SICKEL, Judge (dissenting).

The policy of insurance involved in this action covers both workmen's compensation and employers' liability insurance. It contains a provision exempting occupational disease from that part of the policy relating to employer's liability. The question is whether this exemption is valid. If it is valid, the insurance company is not liable to the em-

ployer; if it is not valid, the insurance company must indemnify the employer for any liability of the employer to Johnson, the employee, for occupational disease acquired by Johnson as the result of employer's negligence, and in such case the insurance company must defend the action brought by Johnson against the employer.

The validity of the exemption provision of the policy depends upon whether such an exemption is prohibited by statute. The title to Ch. 278, S. L. of 1917 was "An Act Regulating Policies of Insurance Issued in This State for Workmen's Compensation or Employers' Liability and Prescribing Conditions and Provisions to be Contained or Prohibited in Such Policies." That Act is now sections 31.3305 to 31.3313, inclusive, of the Code of 1939. Section 1 of the original Act is now section 31.3305 and section 3 of the original Act is now section 31.3307. The former section provides that every policy of workmen's compensation shall cover "all the liabilities which are imposed upon an insurer by the provisions of the title 'Workmen's Compensation.'" Section 31.3307 provides that "Every policy of insurance issued by a stock company, or by a mutual association authorized to transact workmen's compensation or employers' liability insurance in this state, shall cover the entire liability of the employer to his employees covered by the policy or contract" (except as limited by the amount of the face of the policy. SDC 31.3312).

The part of section 31.3305, quoted above, is a special provision, covering policies of workmen's compensation only, and the part of section 31.3307, quoted above, is a general provision, covering "every policy of insurance" and therefore it is applicable to both workmen's compensation and employers' liability insurance, whether issued by a stock company or a mutual insurance association. The two sections duplicate each other as to workmen's compensation insurance but they are not inconsistent. There is no provision in section 31.3305 which is contradictory or repugnant to the general application of section 31.3307 to both kinds of insurance.

The applicable rule of statutory construction is:

"When there is no repugnancy between two distinct and co-ordinate sections of the same statute, the language of the special provisions of one should not be allowed to limit or control the general provisions of the other, especially when such general provisions are in harmony with the purpose and scope of the statute as expressed in the title." State v. Shanks, 178 Ind. 330, 99 N. E. 481, 483.

See also 59 C. J., Statutes, § 596.

For these reasons it is my opinion that the clause exempting occupational disease from the employer's liability provisions of the policy is void, and that the judgment should be reversed.