(No. 31454.—

ALBERT KRIMMEL, *et al.*, Appellants, *vs.* HARRY EIELSON, Mayor, *et al.*, Appellees.

*Opinion filed May 18, 1950.*

LONDRIGAN & LONDRIGAN, of Springfield, for appellants.

HUGH J. GRAHAM, City Attorney, and GEORGE P. COU-TRAKON, State's Attorney, both of Springfield, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

The plaintiffs, described as being residents, property owners, taxpayers and employees of the city of Springfield, started this action in the circuit court of Sangamon County against the defendants, the elected officials of the city and the clerk of the county, seeking a declaratory judgment in a controversy which had arisen over the construction of sections 39-1 and 39-2 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1949, chap. 24, pars. 39-1 and 39-2,) and section 162a of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 643a,) relative to the tax authorized in certain municipalities for fire protection purposes. The trial court held adversely to the contentions of the plaintiffs and, the revenue being involved, they appeal directly to this court for review.

The complaint sets forth that the city of Springfield first adopted the Fire Protection Act for cities with a population under 500,000, (Laws of 1929, p. 224,) on February 8, 1937, following a successful referendum. The tax authorized by that act was not to exceed .20% of the full, fair cash value of the taxable property of the city. When the Revised Cities and Villages Act was adopted in 1941, the above-described Fire Protection Act was re-enacted therein as sections 39-1 and 39-2, (Ill. Rev. Stat. 1941, chap. 24, pars. 39-1 and 39-2,) and the .20% tax limitation retained. In 1945 the Fire Protection Act was amended to make it subject to the provisions of the General Revenue Act. (Ill. Rev. Stat. 1945, chap. 120.) The same legislature amended the revenue law by the adoption of the acts

known as the Butler bills, which required assessments for tax purposes to be at 100% of the full fair cash value; cut the tax rates for each local fund by one-half, and provided for certain limits on all tax rates until 1950. The application of these laws reduced the authorized tax rate for fire protection purposes to .10%. Following the decision of this court in *Anderson* v. *City of Park Ridge,* 396 Ill. 235, wherein the Butler bills were construed, the 1947 legislature further amended the revenue law. In section 162a of the amended law, (Ill. Rev. Stat. 1949, chap. 120, par. 643a,) all local taxes were limited until December 31, 1952, and a new formula for extending taxes in the interim was adopted. The effect of this legislation was to reduce the fire protection rate in Springfield to .058%, or slightly less than six cents on each $100 valuation.

Thereafter, the 1949 legislature, by House Bill No. 111, (Laws of 1949, p. 473,) approved April 2, 1949, amended the Fire Protection Act, and in section 39-1 thereof authorized the levy of a tax not to exceed .20% of the full, fair cash value of the taxable property. The section as amended retained the language that it was subject to the provisions of the General Revenue Act. Plaintiffs interpret this amendment as presently authorizing a tax rate not in excess of .20% for fire protection purposes, free from the limitations of the General Revenue Act. Defendants contend that the fire act is still subject to the revenue law and that the formula therein still limits the city of Springfield to a rate of .058%. The trial court held with defendants.

The gist of plaintiff's contentions is that House Bill No. 111 is a new and specific enactment in regard to fire protection taxes, that it is inconsistent and repugnant to the provisions of the General Revenue Act, and therefore prevails as the last expression of the legislature on the subject. It is urged that the House Bill has acted as a repeal of the provisions of the amended act which are repugnant

to the amendatory act, and that the establishment of a maximum rate being the only new legislation enacted by the bill, such new legislation should prevail over the restatement of the previously existing provision making the fire tax act subject to the General Revenue Act.

A somewhat similar problem of statutory construction was presented in *Klemme v. Drainage Dist No. 5,* 380 Ill. 221, where it was pointed out that repeals by implication are not favored and that it is only where two statutes are clearly repugnant to each other that the later one operates as a repeal of the former. In addition, it is the general rule that where an act, or section of an act, is amended so as to read as it is repeated in the amendatory act, all such portions of the old act or section as are not repeated in the new act are repealed without any express words for that purpose, but all such portions of the old law as are retained, either literally or substantially, *are regarded as the continuation of the old law* and not as a new enactment. (*People ex rel. Martin* v. *Village of Oak Park,* 372 Ill. 488; *Merlo* v. *Johnston City and Big Muddy Coal and Mining Co.,* 258 Ill. 328). It is equally well settled that amendments are to be construed together with the original act to which they relate as constituting one law and as part of a coherent system of legislation. (*Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493; *City of Altamont* v. *Baltimore and Ohio Railroad Co.,* 348 Ill. 339.) The provisions of amendatory and amended acts are to be harmonized, if possible, so as to give effect to each and leave no clause of either inoperative. (59 C.J. par. 645, pp. 1094-1095.) Plaintiff's assertions here, if followed, would leave inoperative the portion of the amendment relating to the General Revenue Act.

Another canon of construction is that a later law which is merely a re-enactment of a former law does not repeal an intermediate act which has qualified or limited the first one, but the intermediate act will be deemed to remain in force and to qualify or modify the new act in the same

manner as it did the first, subject to the qualification that the two acts are not so inconsistent that both cannot stand and be given effect. (*Buchsbaum & Co.* v. *Gordon,* 389 Ill. 493; *Klemme* v. *Drainage Dist. No. 5,* 380 Ill. 221.) In all cases, of course, the primary question for determination is the intention of the legislature, to which canons of construction or other aids of ascertainment must give way, when the legislative intent is clearly shown. In the instant case, the 1949 legislature, by express statement, left no doubt that it intended the fire protection act, as amended by House Bill No. 111, to continue subject to the modifications and limitations of the General Revenue Act. On the basis of the authorities outlined above, there remains for determination only the issue of whether the two acts are now so inconsistent that both cannot stand and be given effect.

Plaintiffs point out that by applying the terms of section 162a of the General Revenue Act to House Bill No. 111, the fire protection rate for the city of Springfield remains at .058%, just as it was before the enactment of the bill, thus rendering the action of the legislature meaningless. They insist that the two acts are repugnant and cannot be reconciled. This argument would possibly be true if there were no exceptions to the limitations contained in section 162a of the General Revenue Act. As previously stated, it is the general policy of that section not to permit tax increases for local funds in excess of 105% of the 1942 extensions until December 31, 1945. However, taxing districts in which referenda were, or are, held subsequent to December 31, 1945, are specifically excepted from the limitation and formula of the section. Thus, new districts formed by referendum after December 31, 1945, may now, by virtue of House Bill No. 111, levy a tax at the rate not to exceed .20%, rather than .10%. Considering the initial expense a new district would have for equipment

and housing suggests a logical reason for this distinction made by the legislature. Likewise, the way is left open for existing fire protection districts where need exists for a greater rate, to bring themselves within the exception of section 162a by referendum. Plaintiffs' argument that the long-existing Springfield district becomes subject to any amendment of the Fire Protection Act without further vote of the people, while normally true, overlooks the express direction of the legislature made in this instance. We conclude that House Bill No. 111 had the effect of raising the maximum rate in case of referendum held after December 31, 1945, from .10% to .20%. If a district does not come or place itself within the exception, the limitations and formula of the General Revenue Act still obtain. Read together in this manner the two acts are not inconsistent and both may be given effect.

Consideration should be given, also, to the fact that the city of Springfield is not the only municipality governed by the Fire Protection Act. While no figures are before us, it is reasonable to speculate that in cities which, prior to 1945, valued their property at a higher per cent than did Springfield, House Bill No. 111 may have had the effect of reinstating rates upon which the 1945 amendment to the fire act, and the Butler bills, acted as a reduction. The legislative pattern and intent, apparent in the record before us, require that both acts be read together and given effect. The Fire Protection Act on its face states that it is subject to the General Revenue Act, and the latter expressly applies to all taxing districts and funds. As pointed out, no repugnancy exists and each may be reconciled to the other and given effect. The city of Springfield not coming within the exception of section 162a, the judgment of the circuit court of Sangamon county limiting its rate for fire protection to .058%, is affirmed.

*Judgment affirmed.*