# ANDERSON, Respondent, v. LANNING et al., Appellants

## (50 N. W.2d 57)

(File No. 9148. Opinion filed November 13, 1951)

**A. J. Beck,** Elk Point, for Appellants.
**Donley & Crill,** Elk Point, for Respondent.

ROBERTS, J. Plaintiff brought this action to recover damages for injuries to his person and property sustained in a collision between an automobile owned and driven by him and a pickup truck owned by defendant C. H. Connolly and Michael Connolly and driven by defendant Leo Lanning, their employee. The case was tried before a jury and there was a verdict for the plaintiff. From the judgment entered thereon defendants have appealed.

The collision occured on November 5, 1948; about 4:15 p. m., two miles east of Elk Point, South Dakota, on Highway 77 which at the place of collision is a straight, level, two lane paved highway and runs generally in a northwesterly and southeasterly direction along a railroad right of way. At or near the point of the accident Highway 77 crosses an intersection of two section line highways.

The evidence on behalf of the plaintiff shows that he was driving his ambulance on an emergency call southeasterly in the right-hand lane at a speed of between 50 and 60 miles an hour; that he was at the time traveling with lighted red lights in front, but without sounding the siren; that defendant Lanning accompanied by A. V. Connolly and Joe Hirock was driving a Ford pickup loaded with cement blocks; that plaintiff observed defendants' truck approaching and when about 60 feet distant from plaintiff's automobile the truck turned to the left heading toward the south highway and across the lane directly in the path of the on-coming automobile; that the driver of the truck gave no signal indicating his intention to make the turn; that the front of the automobile came into collision with the right door of the truck; that the front wheels of the truck were near the edge of the pavement at the time of the impact; and that the

wheels of plaintiff's automobile were on the pavement. As a result of the collision, A. V. Connolly was killed.

■ It is conceded that there was evidence sufficient to go to the jury on the issue whether defendant driver was guilty of negligence. Appellants ask reversal on the ground that it conclusively appears from the physical facts and undisputed testimony that plaintiff was guilty of contributory negligence. The car and the truck were about 60 feet apart when they came to rest and remained upright. Plaintiff's car was on the pavement facing northwest and the truck was in the ditch to the southeast facing in the same direction as the car. The testimony of the driver of the truck is that he approached the intersection at a speed of 15 to 20 miles an hour; that at the time of the impact the front wheels of the truck were off the pavement; that the right wheels of plaintiff's car were on the graveled shoulder of the highway; and that it seemed to him that the truck "was thrown through the air." Witnesses for appellants testified that there were no marks on the ground between the places where the truck left the highway after the collision and where it came to rest. It is the claim of appellants that the facts demonstrate excessive speed on the part of the plaintiff and that if he had kept within a proper speed and in his lane of travel he would have been able to turn aside to avoid the collision. We have carefully considered the evidence and have been unable to discover wherein the so-called physical facts conclusively demonstrate the precise place of collision and that the accident did not happen as plaintiff claims. There may have been some merit in these contentions before a jury, but the asserted facts are not certain proof of what happened.

Appellants assign as error the giving of instruction No. 9 which is as follows: "You are instructed that under the law of this state one has the right to drive a car at a speed of 60 miles per hour in the daytime. You are further instructed that under Sec. 44.0308 of our Code, this speed limit shall not appply to public or private ambulances when traveling in emergencies. This exemption shall not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others, so

164

that if in this case the plaintiff was driving the Packard car as an ambulance in an emergency, the plaintiff would be authorized to drive faster than sixty miles per hour, but if there was no emergency, if the plaintiff drove faster than sixty miles per hour or drove in a reckless disregard of the safety of others, he was negligent."

The statute mentioned in the instruction reads as follows: "The speed limitations set forth in this chapter shall not apply to vehicles when operated with due regard for safety under the direction of the police in the chase or apprehension of violators of the law or of persons charged with or suspected of any such violation, nor to fire department or fire patrol vehicles when traveling in response to a fire alarm, nor to public or private ambulances when traveling in emergencies. This exemption shall not, however, protect the driver of any such vehicle from the consequences of a reckless disregard of the safety of others." Appellants contend that a motor vehicle used as an ambulance and being driven in response to an emergency call is not excepted from speed limit if the driver does not sound audible signal by siren or horn. This contention is based upon Section 3, Chap. 187, Laws 1941, which reads: "The speed limit set out in this section shall not apply to authorized emergency vehicles when responding to emergency calls provided the drivers thereof sound audible signals by siren or horn and two lighted red lights are displayed to the front. This provision shall not relieve the driver of an authorized emergency from the duty to drive with due regard for the safety of all persons using the street nor shall it protect the driver of any such vehicle from the consequence of a reckless disregard of the safety of others."

Under the provisions of SDC 44.0308, a driver of an ambulance responding to an emergency call is not required to give a warning signal and the failure to sound a siren or horn when traveling in excess of the speed limit applying to ordinary vehicles may not be deemed an act of negligence as a matter of law. This exemption, however, does not permit the operator of such a vehicle to drive in reckless disregard of the safety of others. Under Section 3 of the 1941 Act, speed limits applicable to motor vehicles generally do

not apply to vehicles classified as "authorized emergency vehicles" when the drivers thereof, responding to emergency calls, give the statutory warnings of their approach. It provides further that the driver must operate such a vehicle "with due regard for the safety of all persons using the street". The use of the word "street" in the "due regard" clause indicates an intention to limit application to municipalities, and this construction is consistent with the purpose of the legislature in not expressly repealing the prior statute. The accident in question occurred on a county highway. The objection that the instruction did not set out pertinent provisions of Section 3 of the 1941 Act is without merit.

Appellants also assert as error the refusal of the trial court to give requested instruction No. 4, which reads: "You are instructed that it is unlawful for any person to operate a motor vehicle in excess of fifteen miles per hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of two hundred feet from such intersection."

It is contended that the intersection in question was an obstructed one within the definition of paragraph (4) of subdivision (f) of Section 1, Chap. 187, Laws 1941, and that plaintiff in traversing the intersection at a speed greater than fifteen miles an hour was negligent. It is claimed that because of the railroad track, a cornfield, and adjacent ground covered with brush plaintiff did not have a clear and uninterrupted view of the intersection and approaching traffic on the intersecting highways. Subdivision (f) applies to highways outside of municipalities which are not zoned and posted. The state highway commission by the provisions of subdivision (b) of the section referred to is authorized to establish upon any state trunk highway speed zones which speed shall constitute the maximum speed within the zone and the maximum speed permissible must be

156

conspicuously posted by signs. Highway 77 is a part of a state trunk highway system and it is not claimed that the same is not zoned and posted. The construction of the statute urged by appellants cannot be sustained.

█ Appellants contend that the court erroneously instructed the jury to the effect that if the jury should find for the plaintiff, then in assessing damages the jury could "take into consideration the injury and pain and suffering sustained by the plaintiff and whether the injury is permanent." It is claimed that the quoted portion of this instruction permitted the jury to find that plaintiff had sustained a permanent injury and to award damage for such an injury. There is evidence of medical expenses rendered necessary by the accident, loss of earnings and damage to plaintiff's automobile. These were permissible items of recovery under the court's instructions and could be calculated with reasonable certainty. The evidence, considered in the light most favorable to plaintiff, shows that such pecuniary damage was approximately $2000. The jury returned a verdict for $2797.50. The evidence also shows that plaintiff's injuries included a broken nose, bruises and cuts about the face, and two broken ribs. There is no evidence of serious permanent injury, but the evidence shows that there exists permanent injury to plaintiff's nose. We do not think that there was prejudicial error in the giving of the instruction.

The judgment appealed from is affirmed.
All the Judges concur.