279 P.2d 879

The STATE of Idaho, on Relation of N. P. NIELSON, Auditor of State of Idaho, Plaintiff-Respondent,

v.

Leo J. McCARTY, Defendant-Appellant.

No. 8149.

Supreme Court of Idaho.

Jan. 26, 1955.

Cox, Ware & Stellmon and Paul W. Hyatt, Lewiston, for appellant.

Robert E. Smylie, Atty. Gen., Robert Hodge, Asst. Atty. Gen., and J. Ray Durtschi, Asst. Atty. Gen., for respondent.

**KEETON, Justice.**

This appeal presents for determination a construction of the Judges' Retirement Compensation Law, Sections 1–2001 to 1–2007, I.C., and the amount of retirement compensation to be paid appellant. The facts necessary for a decision are as follows:

Appellant was appointed and served as a district judge from November 16, 1948, to December 31, 1950. Because of his age (seventy years) he was ineligible for re-election. On retirement from office, December 31, 1950, he became eligible, under the Judges' Retirement Compensation Law, for retirement payments under the provisions of Ch. 104, 1947 S.L., as amended by Ch. 130, 1949 S.L., Sections 1–2001 to 1–2007, I.C.

Appellant contends that, under the law, he is entitled to be paid the sum of $270.83 per month commencing January 1, 1951, conditioned on his paying into the fund by deductions from his retirement compensation, the sum of $1,056.94, which additional sum he would have paid into the retirement fund had he served for a ten year period.

The State Auditor so interpreted the law and on and between January, 1951, and February, 1952, paid appellant $2,735.38 figured on the basis that appellant was entitled to $270.83 per month, less the sum of $1,056.94. The Auditor brought this action to recover an alleged overpayment of $1,931.78. The trial judge found that appellant had been overpaid in said sum and entered judgment against him for that amount, from which judgment this appeal is prosecuted.

Appellant contends that under the Judges' Retirement Compensation Law he is entitled to be paid fifty percent of the salary he was receiving when he retired from office, less what he would have paid into the Judges' Retirement Fund had he held office for ten years, and that the overpayment cannot be recovered because such overpayment, if any, was due to an error of law on the part of the disbursing officer having charge of the Fund.

The original Judges' Retirement Compensation Law was enacted by the 1947 S.L., Ch. 104, effective May 3, 1947, and Section 1 provides:

"Each person who is now serving as a justice of the supreme court or a judge of a district court of this state shall, upon attaining the age of seventy years, or who now is seventy years of age, and upon retirement from office either by expiration of his term or by voluntary retirement, be entitled to receive and to have paid to him the annual retirement compensation hereinafter provided.

"Each person who shall hereafter serve as such justice or judge for an

aggregate period of ten years or more, continuous or otherwise, in either or both of such offices, and each person now serving as such justice or judge, shall, upon reaching the retirement age of seventy years, and upon retirement, be entitled to receive and have paid to him retirement compensation in an amount equal to one-half of the annual salary or compensation of the office at the time of his retirement. If any person hereafter appointed or elected shall attain retirement age after service of less than ten years he shall, upon retirement, be entitled to receive and to have paid to him retirement compensation equal to that proportion of one-half of the annual salary or compensation of the office at the time of his retirement which his period of service bears to ten years. All retirement compensation shall be paid monthly out of the Judges' Retirement Fund hereinafter established."

By the provisions of the above-quoted section of the act, judges and justices entitled to retirement compensation were divided into two classes; first, judges and justices serving at the time the act became effective (1947), and second, judges and justices thereafter elected or appointed. Appellant was not in office the effective date of the act, and therefore comes within the classification of one thereafter elected or appointed. By the terms of the act, he was entitled, on retirement, to be paid "that proportion of one-half of the annual salary or compensation of the office at the time of his retirement which his period of service bears to ten years". This section was amended by 1949 S.L., Ch. 130. Thereby other classes of judges entitled to retirement compensation were created and other matters not pertinent here enacted.

It is the contention of appellant that Section 1, Ch. 130, 1949 S.L. supersedes Section 1, Ch. 104, 1947 S.L. and that when Ch. 130, 1949 S.L. was enacted and became effective, appellant was serving as a district judge and therefore is entitled to the full retirement compensation, subject to his paying into the fund the amount that he would have paid had he served for a period of ten years.

The 1949 amendment did not change the first paragraph of Section 1 of the 1947 act, and made no provision for judges' retirement pay to those who might be elected or appointed between the effective date of the 1947 law and the 1949 amendment.

No mention was made in the 1949 amendment of what amount, if any, should be paid to judges on the bench prior to the amendment, and hence, one must look to the 1947 act to determine what amount is due judges who were on the bench prior to 1949. The original act (1947) as above quoted contains the language "Each person who is now serving". This language was unchanged in the amendatory act and can only refer to the 1947 act. Furthermore, the phrase "hereafter appointed or elected" in

the second paragraph of Section 1 of the 1949 amendment was contained in the 1947 act. Hence the phrase, "hereafter appointed or elected" relates to the time of the adoption of the 1947 act.

The 1947 act particularly required each justice or judge serving when the act became effective, and who accepted the provisions of the act, to contribute to the Judges' Retirement Fund "a sum equal to three per cent of the salary or salaries of his office for a period of ten years immediately preceding his retirement", even though not entirely paid while in office; whereas, if any justice or judge appointed or elected subsequent to the effective date of the act "shall retire after service of less than ten years, he shall so contribute only from the salaries paid to him during his term of office", and such clause remained unchanged by the 1949 amendment.

The last above referred to provisions of the 1947 act show a sharp distinction drawn between justices and judges then serving on the bench May 3, 1947, the effective date of the 1947 act, and those subsequently appointed or elected; and since the classification of justices and judges serving on such effective date, and the classification of those thereafter appointed or elected, were not changed by the 1949 amendment, the retirement rights of the justices and judges then serving on such effective date, May 3, 1947, and of those thereafter elected or appointed during the interim of the respective effective dates of the 1947 act and the 1949 amendment, must be determined under the 1947 act, except as to any new matter contained in the 1949 amendment.

█ The rule of construction applicable is as follows: Where a section or part of a statute is amended, it is not to be considered as having been repealed and re-enacted in the amended form; but the portions which are not altered are to be considered as having been the law from the time when they were enacted and the new provisions are to be considered as having been enacted at the time of the amendment. Section 67–511, I.C.; John Hancock Mut. Life Ins. Co. v. Haworth, 68 Idaho 185, 191 P.2d 359; 82 C.J.S. Statutes, § 384, p. 903.

In the matter before us no change was made in the applicable parts of the statute by the amendment to the 1947 act relative to the rights of judges and justices serving on the effective date of the act, or those thereafter appointed or elected. Hence we conclude that the 1947 act governs the rights of appellant.

█ The contention that money paid under a mistake of law by a sovereign political authority cannot be recovered has been decided by the courts adversely to appellant's contention. The rule applicable is as follows: Payments made by a sovereign authority under a mistake of law by a disbursing officer may be recovered and the officer is not estopped to claim repayment. Ada County v. Gess, 4 Idaho 611, 43 P. 71; Independent School Dist. No. 6 of

158

Caribou County, Idaho v. Mittry, 39 Idaho 282, 226 P. 1076; Aebli v. Board of Education, 62 Cal.App.2d 706, 145 P.2d 601.

Judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and PORTER and ANDERSON, JJ., and BECKWITH, District Judge, concur.