STATE, Respondent v. DEVERICKS, Appellant

(94 N.W.2d 348)

(File No. 9709. Opinion filed February 2, 1959)

**Henry C. Mundt,** Sioux Falls, for Defendant and Appellant.

**Phil W. Saunders,** Atty. Gen., **Walter Mueller, Benjamin D. Mintener,** Asst. Attys. Gen., for Plaintiff and Respondent.

BOGUE, J. Defendant on December 15, 1956 was arrested and charged with the crime of unlawfully driving his automobile on U. S. Highway 77, a State Trunk Highway as defined by SDC Supp. 28.0209-1(57), in Moody County, South Dakota, at a speed in excess of a maximum speed limit of 60 miles an hour. He was found guilty by the Justice Court. He then appealed to the circuit court where he was again found guilty and sentenced to pay a fine of $50. He now appeals from this judgment and sentence.

Defendant admits that he was probably driving his car at a speed in excess of 60 miles an hour. He contends, however, that he is not guilty of the crime as charged as there was no legally established speed zone where he was driving, limiting the speed to 60 miles an hour.

The speed limit upon which the State relies was established by the State Highway Commission. In March of 1955 the State Highway Commission adopted the following resolution to become effective on July 1, 1955. "No vehicle travelling on South Dakota State Trunk Highways shall exceed the speed of sixty (60) miles per hour-days; and fifty (50) miles per hour-nights; except in zones already restricted to a lesser limit." This resolution was expressly adopted pursuant to the authority granted the State Highway Commission to establish speed zones on highways on the State Trunk Highway system under Chapter 187 of the Session Laws of 1941. (SDC Supp. 44.0303).

Chapter 187 empowered the State Highway Commission "to determine and establish upon any State Trunk Highway or any part thereof limited speed zones, which speed limit shall constitute the maximum speed at which any person may drive or operate any vehicle upon such zoned street or highway or portion thereof so zoned and on which highway the maximum speed permissible in said zone has been conspicuously posted by signs adopted by the State Highway Commission."

When the legislature empowered the State Highway Commission to establish the limited speed zones as provided in Section 2 of Chapter 187 of the Laws of 1941, the same statute expressly provided:

> "It shall be unlawful at any time or at any place for any person to drive a vehicle upon the streets or highway at a speed in excess of 50 miles per hour during the hours when lights on vehicles are required by law or during the period when lights are not required at a speed in excess of 60 miles per hour."

Clearly, there would have been no purpose for the legislature to have empowered the State Highway Commission to

establish the same speed limits. We cannot assume, however, that the legislature would enact a law without some purpose in view. Alexander v. Booth (Florida cases, 1951-1952), Fla., 56 So.2d 716. We believe the purpose of the legislature in so empowering the State Highway Commission to establish the speed zones as provided in Chapter 187 of the Laws of 1941 is clear. It expressly empowered the State Highway Commission to establish upon **any** State Trunk Highway or any part thereof **limited speed zones** because of the particular conditions existing therein. It did not delegate to the State Highway Commission the power to establish a **statewide** speed zone applicable to **all** State Trunk Highways.

The State insists, however, that Chapter 168 of the Laws of 1955 enlarged the powers of the State Highway Commission. This chapter amended Chapter 187 by eliminating the maximum speed limit of 50 miles per hour-nights and 60 miles per hour-days and inserted in its stead the following:

"It shall be unlawful at any time or at any place for any person to drive a vehicle upon the streets or highway at a speed greater than is reasonable and prudent under the conditions then existing, except as otherwise provided by law."

The State argues that "By the elimination of this provision the authority and duty of establishing maximum speed limits devolved upon the State Highway Commission and other local authorities having jurisdiction over streets and highways."

It will be noted that the resolution of the State Highway Commission was adopted prior to the effective date of Chapter 168 of the Laws of 1955 and adopted expressly pursuant to the powers conferred upon it by Chapter 187 of the Laws of 1941. Because of this it might be argued that it is not necessary for us to consider Chapter 168 as we could base our opinion entirely upon the powers of the State Highway Commission under the provisions of Chapter 187. The defendant, however, did not brief or argue this question.

We shall, therefore, consider this appeal as if the resolution were adopted pursuant to any authority granted under the provisions of Chapter 168 as well as Chapter 187.

■ Unless the powers of the Highway Commission were enlarged by the enactment of Chapter 168, such powers as it had would stem from Chapter 187 and would be in force in the same manner and for the same purposes before as well as after the enactment of Chapter 168. In accordance with the general rule of statutory construction "Where a section or part of a statute is amended, it is not to be considered as repealed and re-enacted in the amended form; but the portions which are not altered are to be considered as having been the law from the time when they were enacted and the new provisions are to be considered as having been enacted at the time of the amendment." State ex rel. Nielson v. McCarty, 76 Idaho 153, 279 P.2d 879, 881. See also Krimmel v. Eielson, 406 Ill. 202, 92 N.E.2d 767; 82 C.J.S. Statutes § 380, p. 903.

Apparently the state is contending that by the enactment of Chapter 168 of the Laws of 1955 the legislature had no intent to eliminate the speed limits of 50 miles per hour- nights and 60 miles per hour-days but merely delegated its power to fix such limits to the State Highway Commission. We are unable to so interpret Chapter 168. The amendment expressly eliminates the speed limit in miles per hour. If the legislature had intended to delegate this power to the State Highway Commission, it appears to us it would have expressly done so.

■ The legislature by the enactment of Chapter 168 eliminated the speed limits of 50 miles per hour-nights and 60 miles per hour-days and substituted therefor the reasonable and prudent speed limit. This reasonable and prudent speed limit now existing upon the streets and highways of this state is not expressed in miles per hour, except where the statute or the State Highway Commission in the limited speed zones as construed herein, has so provided.

■■ We are of the opinion that the State Highway Commission exceeded its authority in attempting to establish a maximum speed limit on all State Trunk Highways of

60 miles per hour-days and 50 miles per hour-nights. The only speed limit on the highway on which defendant was driving was that which was reasonable or prudent under the conditions then existing. Therefore, defendant is not guilty of the crime of unlawfully driving his automobile in excess of a maximum speed limit of 60 miles per hour as charged.

■ The defendant further argues that if the legislature intended to delegate to the State Highway Commission the power to make a zone out of the entire state, such would be unconstitutional delegation of legislative power. Under our holding it is not necessary that we consider this question. "A court is not warranted in passing on the constitutionality of a statute unless such a determination is essential to the disposition of the cause under consideration." Friese v. Gulbrandson, 69 S.D. 179, 8 N.W.2d 438, 441.

Reversed.

HANSON, P. J., and SMITH and RENTTO, JJ., concur.

ROBERTS, J. (dissenting).

Appellant was adjudged guilty of driving a vehicle on State Trunk Highway 77 on December 15, 1956, at an unlawful rate of speed and was sentenced to pay a fine of $50. Appellant in his brief contends, first, that the State did not show "that the State Highway Commission actually established a speed zone in the area where appellant was arrested in compliance with Chap. 168 of the 1955 Session Laws by conspicuously posted signs showing the beginning and the ending" thereof, and, second, that if the statute confers authority on the State Highway Commission to establish speed limits on all State Trunk Highways "it is an improper delegation of legislative power and void and unconstitutional".

The basic standard of conduct that no person shall drive a vehicle upon a highway "at a speed greater than is reasonable and prudent" having regard to existing conditions of the highway in the 1955 act has been the rule ever since the enactment of the Uniform Motor Vehicle Act in 1929. Section 4 of that act (Chap. 251, Laws 1929) provided that no person could drive a vehicle upon a

highway at a speed "greater than is reasonable and proper" having due regard to the traffic, surface, width of the highway and of any conditions then existing. It further provided that subject to this basic standard it was prima facie unlawful for the driver of a motor vehicle to drive in excess of specified speeds. State v. Rossman, 64 S.D. 532, 268 N.W. 702. The words "reasonable and prudent" or words meaning substantially the same have been used in other jurisdictions to define similar offenses. The following is quoted from People v. McMurchy, 249 Mich. 147, 228 N.W. 723, 731: "In forty-seven states of the Union and in the District of Columbia and Hawaii there are statutes which forbid driving 'at a rate of speed greater than is reasonable and proper, having regard for the width, traffic and use of the highway and in a manner so as to endanger property or the limb of any person.' In some of the states the words 'careful and prudent' are used. In others, words with a like meaning to those quoted are used." See also State v. Schaeffer, 96 Ohio St. 215, 117 N.E. 220, L.R.A.1918B, 945; Siegman v. District of Columbia, D.C.Mun.App., 48 A.2d 764; State v. Magaha, 182 Md. 122, 32 A.2d 477; People v. Wilson, 78 Cal.App.2d 108, 177 P.2d 567; State v. Coppes, 247 Iowa 1057, 78 N.W.2d 10; State v. Wojahn, 204 Or. 84, 282 P.2d 675; Gallaher v. State, 193 Ind. 629, 141 N.E. 347, 29 A.L.R. 1059.

The provisions granting general authority to the State Highway Commission to establish upon any State Trunk Highway System limited speed zones and giving effect to the maximum speeds therein when the zones are conspicuously posted by signs were first enacted by Chap. 187, Laws 1941 and re-enacted by the 1955 statute. If this language were construed literally and other relevant parts of the statute ignored, there might be some merit in the argument of counsel that the statute confers legislative power upon the State Highway Commission to fix maximum rates of speed. As noted in Concrete Materials Co. v. Employers Mutual Liability Ins. Co., 70 S.D. 535, 19 N.W.2d 523, a statute must be considered in its entirety. And too, the presumption is always indulged in favor of the validity of an act and that construction will be adopted which

will sustain an act if the language used will permit the interpretation. State v. Black Hills Transportation Co., 71 S.D. 28, 20 N.W.2d 683. In the light of the legislative history and consideration of the statute in its entirety, the standard by which a violation of the statute is determined is whether or not an accused was driving at a speed greater than was reasonable and prudent, having regard to the condition of the highway. When appropriate signs giving notice of permissible speed limits have been conspicuously posted, they are not effective to establish fixed limits, but constitute upon the trial of a person charged with violation of the statute prima facie evidence of the maximum speed that may be reasonably and prudently maintained. It is obvious that the legislature intended to conform other provisions to the basic standard prescribed by the statute and not to authorize in any instance the establishment by the State Highway Commission or local authorities of fixed maximum rates of speed. This construction is consistent with SDC 44.0501 which provides that a complaint shall specify both the speed at which defendant is alleged to have driven and the one that is prima facie lawful at the time and place of the alleged violation.

The 1941 statute fixed maximum limits of 50 and 60 miles per hour. The zoning and posting of sections of a State Trunk Highway within these limitations was consistent and in compliance with the statute. The legislature deemed it proper in 1955 to eliminate these fixed limitations of speed. The basic standard of "reasonable and prudent" conduct under the present statute applies "except as otherwise provided by law". This exception includes those vehicles classified as authorized emergency vehicles such as ambulances when responding to emergency calls. Anderson v. Lanning, 74 S.D. 161, 50 N.W.2d 57. Recognizing that it is impractical to legislate specifically concerning different localities and variable traffic conditions, the legislature deemed it advisable to vest the State Highway Commission with authority to establish "limited" speed zones. The word "limited" read in context is synonymous with the word "bounded". 53 C.J.S. p. 887. The ends of

each zone by express terms of the statute must be indicated by signs showing the permissible rates of speed therein. The statute was designed to protect the travelling public. When a State Trunk Highway or other highway upon request of local authorities is completely zoned and posted as the statute appears to contemplate, a motorist may then know what speeds are deemed reasonable and prudent under different traffic conditions, and thus avoid subjecting himself to penal provisions. If the State Highway Commission has not the authority to zone and post a highway in such manner, motorists except where particular conditions exist will have no criterion by which to determine at what speeds they may operate their vehicles without violating penal provisions of the statute. Experience has proven, as the court in State v. Mangus, 120 W.Va. 415, 198 S.E.872, observed that motorists all too often are strangely indifferent to the welfare of others. The absence of signs indicating permissible speeds other than those erected because of particular conditions will not minimize such indifference and will tend to hamper the enforcement of statutory regulations respecting the use of public highways. Where a statute is capable of more than one interpretation, it must be read in a sense which harmonizes with the subject matter and general purpose and object of the statute. It must be given that interpretation which will best effect its purpose rather than one which will defeat it. Friese v. Gulbrandson, 69 S.D. 179, 8 N.W.2d 438; Busby v. Shafer, 75 S.D. 428, 66 N.W.2d 910.

The violation of the standard of conduct prescribed by Section 44.0303 as amended is made a misdemeanor. SDC Supp. 44.9929 as am. by Chap. 240, Laws 1953. Under the facts disclosed by the record, appellant was driving on State Trunk Highway 77 at a rate of speed in excess of the posted rate of sixty miles per hour which was the prima facie lawful speed at the time and place of the alleged violation. Proof of the establishment of maximum rates of speed by resolution or other official proceedings of the State Highway Commission as appellant seems to contend was not required. When appropriate signs are erected, they are effective as above indicated to give notice of permis-

sible rates of speed. In view of the record and the principles of law applicable, the court below did not in my opinion err in finding defendant guilty of driving at an unlawful rate of speed. I would affirm the judgment of the trial court.