STATE OF DELAWARE v. MORRIS LEWIS CHUDNOFSKY.

(*December* 27, 1961.)

STIFTEL, J., sitting.

*E. Norman Veasey*, Deputy Attorney-General, for the State of Delaware.

*Henry A. Wise, Jr.* (of Wise and Suddard) for defendant.

Superior Court for New Castle County, No. 854, Cr. A., 1960.

STIFTEL, J.:

Defendant was convicted of "Speeding" while operating a passenger car on a dual highway, known as the Governor Printz Boulevard, between Stockdale Curve and the Philadelphia Pike. His speed was less than sixty miles per hour but greater than forty miles per hour. The posted speed limit signs in the area read forty miles per hour. The forty mile limit had been set by action of the State Highway Department as set forth in Resolution No. 384,[1] passed on August

---

[1]"Resolution No. 384

*"Speed Zoning on Governor Printz Boulevard*

"Whereas, Section 85(b) Chapter 249, Laws of Delaware 1941, as amended, gives the Department the authority to determine and declare reasonable and safe speed limits, either greater or lesser than those established by law when such determinations are made upon the basis of an engineering and traffic investigation; and

"Whereas, an engineering and traffic investigation on Governor Printz Boulevard between Edgemoor and Philadelphia Pike conclusively shows that the existing absolute speed limits of 50 MPH and 25 MPH are either too fast or too slow and not reasonable speed limits; and

"Whereas, an engineering and traffic investigation of the above-mentioned highway points to speed limits of 45 MPH from the beginning of the dual highway at Edgemoor to the south end of the Stockdale Curve and 40 MPH from that point to the Philadelphia Pike as reasonable and safe absolute speed limits.

"Now, Therefore, Be It Resolved, that the Department in accordance with the authority so vested does hereby declare the above-mentioned print be forwarded to the proper officials of the State Highway Department and to the Superintendent of the Delaware State Police.

\*       \*       \*       \*       \*

"I hereby certify that this is a true and correct copy of the minutes of the State Highway Department meeting of August 12, 1959.

"(s) James J. Deputy, Secretary."

12, 1959, pursuant to the authority contained in 21 *Del. C.* § 4126(b), which provides:

"Whenever the State Highway Department determines upon the basis of an engineering and traffic investigation that any absolute speed hereinbefore set forth is greater or less than is reasonable or safe under the conditions found to exist at any intersection or other place or upon any part of a highway, the State Highway Department may determine and declare a reasonable and safe absolute speed limit thereat which shall be effective when appropriate signs giving notice thereof are erected at such intersection or other place or part of the highway."

■ Defendant says that he was wrongfully convicted because, he contends, the speed limit in the designated area was 60 miles per hour and not 40 miles per hour. He says this is so by reason of the enactment of an amendment to 21 *Del. Code* § 4126(a) (1) (D), which became effective on May 24, 1960, prior to the alleged violation and arrest of the defendant on June 27, 1960. Section 4126(a) (1) (D) provides:

"(a) Where no special hazard exists the following speeds shall be lawful, but any speed in excess of such limits shall be absolute evidence that the speed is not reasonable or prudent and that it is unlawful—

"(1) Passenger vehicles * * *

\* \* \* \* \* \*

"(D) 60 miles per hour under other conditions on four-lane undivided roads and on dual highways.

Defendant argues, therefore, that the amendment increasing the speed limit on dual highways of this State superseded the administrative action taken previously by the Department to reduce the speed limit on such dual highway. He claims that the Department was required to resurvey the dual highways of Delaware where they had been affected by

the increased speed limit, in view of the legislative enactment, so as to have determined whether these previously reduced areas should be adjusted in the light of the new and higher maximum speed limits.

The effect of the amendment was merely to change the numerals "55" to "60" in subparagraph (D) of Section 4126 (a) (1). The Legislature pronounced that where the speed limit had heretofore been 55 miles an hour, it would now be 60 miles per hour on dual highways. There was no intention by the Legislature to affect any action taken by the State Highway Department pursuant to subparagraph (b) of Section 4126. If the Legislature had so intended, it could easily have expressed it. Defendant's contention would have negatived any action by the Department under § 4126(b) even if such action had been taken the day before the enactment of the amendment after the required engineering and traffic investigation. The Legislature could not have intended such an unusual result.

Defendant next contends that subparagraph (b) of Section 4126, *Delaware Code,* is an unconstitutional delegation of power by the Legislature to an Administrative Agency in violation of Section 1 of Article II of the Delaware Constitution, *Del. C. Ann.,* which vests the legislative power in the General Assembly. Under (b) of Section 4126, it is claimed the State Highway Department has the power to set a speed limit of five miles per hour or a speed limit of over 100 miles per hour, and as a result of its action create a new crime[2] by resolution rather than by legislative enactment.

The determination of the validity of the delegation of power to the State Highway Department to declare a reasonable and safe absolute speed limit at any intersection, or other

---

[2] 11 *Del. Code* § 101 defines crime as "* * * an act or omission forbidden by a statute of this State or indictable at common law and punishable upon conviction by * * *".

place, or upon any part of a highway, upon the basis of an engineering and traffic investigation, must take into consideration the nature of the department and the extent of its responsibilities. The State Highway Department is not only charged with the laying out and maintenance of the highway system in Delaware, but is specifically charged with the control of the highways for the purpose of regulating traffic and the operation of vehicles thereon. 17 *Del. Code* §§ 132, 141. The purpose of the Legislature in empowering the State Highway Department to establish a reasonable speed limit at any intersection, or other place, or upon any part of the highway, which may be different from those speed limits set forth by the Legislature in Section 4126(a) of Title 21, *Del. Code*, after an engineering and traffic investigation, is to enable the Department to provide for the safety of persons and property upon or near the highway because of the existence of particular conditions of which it becomes cognizant through investigation. It did not delegate to the Department the power to establish state-wide speed limits on the length and breadth of every highway in the State (Compare *State v. Devericks*, 77 *S. Dak.* 509, 94 *N. W.* 2d 348, 349). This, the Legislature has done in § 4126(a) of Title 21, *Del. Code*.

■ The Constitution of Delaware does not deny to the Legislature the necessary resources of flexibility and practicality which will enable it to perform its function in laying down policies and establishing standards while leaving to selected agencies the power to determine the facts to which the policy, as declared by the Legislature, is to apply, and in accordance with that policy, the power to make subordinate rules within prescribed limits. *Young v. Julian*, D. C. *Del.*, 97 *F. Supp.* 370, 374. Although the Legislature cannot delegate the power to make a law, it can delegate the power to determine some facts upon which the law may depend. *State ex rel. Morford v. Tatnall*, 2 *Terry* 273, 21 *A.* 2d 185, 190, 191; 11 *Am. Jur.* 949, Constitutional Law, Sec. 245. It is unreasonable to expect that the Legislature would constantly re-

main in session and ready to change speed limits at particular intersections or designated places on certain parts of the highway as traffic conditions change. It is necessary under the police power of the State for the regulation of traffic and the safety of persons who use the highways to permit an agency, such as the State Highway Department, to carry out certain duties such as the placement of speed signs in certain areas which it has determined through study need special attention because of varied traffic conditions and which would be impractical and inexpedient for the Legislature to handle in each instance. See *Ludwig v. Yancey, Sup. Ct. Okl.*, 318 *P.* 2d 450; *Jones v. State*, 95 *Okl. Cr.* 323, 245 *P.* 2d 756, 759; *State v. Langley*, 92 *N. H.* 136, 26 *A.* 2d 368, 370; *Adams v. Landry*, 93 *N. H.* 74, 35 *A.* 2d 510, 511.

Defendant relies entirely on the 1923 case of *Ex parte McLain*, 190 *Cal.* 376, 212 *P.* 620, where a provision of the motor vehicle act, that the maximum rate of speed over any bridge, culvert, causeway, or viaduct, as well as over any state highway or portion thereof, might be established by the state highway commission at less than the rate established by law, was held invalid as an unconstitutional delegation of legislative power. See *Ashland Transfer Company v. State Tax Commission*, 247 *Ky.* 144, 56 *S. W.* 2d 691, 87 *A. L. R.* 534, 554. The Delaware statute is distinguishable. Here, the Commission can act only after an engineering and traffic investigation to declare a safe speed at any intersection, place, or upon any part of a highway. The California act sets no clear standard. (Compare *McLain* with *In re Petersen*, 51 *Cal.* 2d 177, 331 *P.* 2d 24, 28, 29, 77 *A. L. R.* 2d 1291.) At any rate, *McLain* is not persuasive in this jurisdiction, which has never followed the doctrine of the separation of the powers of government to the extent that it exists in some states. *Brennan v. Black*, 34 *Del. Ch.* 380, 104 *A.* 2d 777, 781, 782. See, also, Opinions of Justices, 8 *Terry* 117, 88 *A.* 2d 128; *Trustees of New Castle Common v. Gordy*, 33 *Del. Ch.* 334, 93 *A.* 2d 509 40 *A. L. R.* 2d 544. Especially do our courts uphold the Legis-

lature in the exercise of legislative policy to delegate reasonably broad authority in the handling of problems that involve the safety, health and welfare of the people of this state. *Darling Apartment Co. v. Springer*, 25 *Del. Ch.* 420, 22 *A.* 2d 397, 137 *A. L. R.* 803. Under Section 4126(b) the Commission is invested with the power to ascertain facts and conditions to which the policy and principles of the law apply. See, *State ex rel. Morford v. Tatnall*, 2 *Terry* 273, 21 *A.* 2d 185, 190, 191. The standards are not minutely detailed. Exigencies of modern government prevent this. See *Greggio v. City of Orange*, 69 *N. J. Super.* 453, 174 *A.* 2d 390, 395. The Legislature has chosen to place the power and duty in the State Highway Department to change certain speed limits. This it could not do itself advantageously.

This case involved the power of the State Highway Department to reduce a speed limit on a certain portion of a highway in this state. I find that the Department had the legal authority to promulgate and post a safe speed limit in the case at bar.

The State Highway Department did not create a new crime when it passed the resolution to reduce the speed limit in the case in question. The Legislature enacted the statute[3] which made it a crime to violate Section 4126(b), Title 21, *Del. Code.* The Department's resolution and posting of signs merely carried into effect the legislative will.

Motion for judgment of acquittal denied.

---

[3]Section 4126(c), Title 21, *Del. Code,* provides:

"(c) Whoever violates any provision of this section [includes 4126 (a) and (b)] shall, for the first offense, be fined not less than $25 nor more than $200, or be imprisoned not less than 10 nor more than 30 days, or both. For each subsequent violation of this section he shall be fined not less than $50 nor more than $400, or imprisoned not less than 15 nor more than 60 days, or both. A subsequent violation, before being punishable as such, shall have been committed within 24 months after the commission of the prior offense."